## Commonwealth v. Schneiderman, Appellant.

462

Argued March 15, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*Joseph Blank,* with him *S. Frank Laveson,* for appellant.

*Robert M. Carson,* with him *John M. O'Connell,* District Attorney, for appellee.

Per Curiam, April 13, 1948:

Appellant states that this is an appeal from an order of the Court of Quarter Sessions of Westmoreland County of October 25, 1946, directing him to pay the costs of prosecution and the sum of $50 a month for the support of his wife in a desertion and nonsupport case. The appeal was taken to this Court on November 12, 1947. Under the circumstances, the appeal must be quashed. The Act of May 11, 1927, P. L. 972, amending section 4 of the Act of May 19, 1897, P. L. 67, 12 PS §1136, provides: "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter

sessions . . ., unless taken within forty-five days from the entry of the sentence or order." Such a statutory provision is mandatory. *Pittsburgh v. Ruffner,* 134 Pa. Superior Ct. 192, 197, 4 A. 2d 224; *Com. v. Montgomery,* 152 Pa. Superior Ct. 342, 344, 31 A. 2d 913.

In addition to the order of the court below, appellant has assigned as error the refusal by that court of his petition for a rehearing and review of the order of the court of October 25, 1946. Appellant's petition for rehearing and review was filed December 5, 1946. On the same day, the court below refused a rehearing. Appellant filed exceptions to the action of the court below in this respect on December 11, 1946. No disposition was made of the exceptions by the court until October 2, 1947. The petition for rehearing and review of the original order of the court did not take the place of an appeal from that order. *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 455, 188 A. 551; *Rumsey's Case,* 135 Pa. Superior Ct. 515, 517, 7 A. 2d 43; *Seem's Estate,* 341 Pa. 198, 19 A. 2d 60.

An order for support can be altered upon petition, if the circumstances, which existed when the application in the first instance was made, have materially and substantially changed; but such is not the situation presented or averred in appellant's petition. See *Com. ex rel. Iacovella v. Iacovella,* 121 Pa. Superior Ct. 139, 144, 182 A. 727; Act of June 19, 1939, P. L. 440, No. 250, 17 PS §263.

Appeal is quashed.