Commonwealth ex rel. Gozzi *v.* Gozzi, Appellant.

528

Argued November 8, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Henry Kauffman,* with him *Louis Little,* for appellant.

*Zeno Fritz,* with him *Frank J. Zappala,* for appellee.

OPINION BY ARNOLD, J., January 14, 1949:

On January 23, 1947, the County Court of Allegheny County entered an order on the defendant-appellant to pay $30.00 a month for the support of his wife. This was made after a full hearing in which the defendant-appellant offered his evidence as to his worth and income. Thereafter appellant was entitled to have it reduced only upon a showing made in good faith, *that the circumstances existing when the original order was made had materially and substantially changed: Commonwealth v. Schneiderman,* 162 Pa. Superior Ct. 461, 58 A. 2d 196. On August 27, 1948, defendant petitioned to modify or vacate the original order. The court below went into another hearing, after which it dismissed the petition because the defendant had shown "no new substantial facts or changed circumstances from those offered before [at the original hearing of January 23,

1947]. In fact, the current hearing before us was practically a repetition of the testimony offered at that time." An independent examination by this Court of the testimony offered by the defendant at the hearing of January 23, 1947, and the testimony offered on the petition to vacate or modify, discloses no difference, except that at the first hearing the real estate of the defendant (worth between $6000 and $7000) was not income-producing, and at the second hearing it was rented for $57.00 per month;[1] and that the expenses chargeable against this revenue were $186.80 annually. What the defendant was trying to do was to have a reconsideration of the old order, i. e., relitigate the same question.

Appellant also assigns as error the refusal of the court below to receive in evidence a post nuptial agreement dated June 19, 1943, some nine months after the parties had been married. This agreement accomplished only two things: (1) Each party released his or her rights to real estate then owned by the other; and (2) the husband released all rights which he might have in his wife's estate if he survived her. Support was not released. In addition, the document in no manner tended to prove a *change* of circumstances since the original hearing, for the defendant could then have offered the agreement if he desired.

No appeal was taken from the original order of support dated January 23, 1947. The subsequent petition to modify or vacate it is not a substitute for an appeal, and cannot bring up for review the court's discretion in making the first order: *Commonwealth v. Schneiderman,* 162 Pa. Superior Ct. 461, 58 A. 2d 196. There is no abuse of discretion.

The order of the court below is affirmed.

---

[1] N. T. 6.