## Commonwealth ex rel. Skulsky, Appellant, *v.* Skulsky.

Argued March 19, 1951. Before RHODES, P. J., HIRT,
RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J.,
absent).

*Edward I. Weisberg,* with him *David N. Feldman,* and *Joshua Eilberg,* for appellant.

*Samuel Kenin,* did not argue the case or submit a brief for appellee.

OPINION BY ARNOLD, J., July 19, 1951:

The wife of the defendant appeals from a decision of the court below vacating an order for her support.

In October, 1949, Judge BURCH of the Municipal Court of Philadelphia made an order of support in the sum of $10 per week. Defendant fell into arrears and in January, 1950, Judge BONNIWELL ordered him to pay an additional sum each week until the arrearages were paid. While defendant was still in arrears he filed a petition to vacate the original order. This petition alleged that he was 66 years of age, in poor health, and unable to comply with the order; and that relatrix was gainfully employed. Instead of being referred to the judge who had made the original order, it was heard by another judge of the municipal court. Upon the taking of testimony the defendant merely showed: (1) that his weekly earnings were $80 per week, whereas at the time of the original order his earnings had been $50; and (2) that the relatrix was earning approximately $27 per week. In February, 1951, the

original order was then vacated on the theory that it should not have been made because the marriage was the result of "mercenary greed," and that the wife was not a charge upon the county.

None of these reasons justified the court's action. The original order had not been appealed from and, at least upon the facts presented here, was a final adjudication of the defendant's liability to support his wife.

As to her income, a husband is liable for support even though his wife is employed, provided he has earning power sufficient to comply with the order; and the wife's earnings are but a relevant factor in fixing the amount of the order: *Commonwealth ex rel. Wieczorkowski v. Wieczorkowski*, 155 Pa. Superior Ct. 517, 38 A. 2d 347. A subsequent petition to vacate an order of support is not a substitute for an appeal, and cannot bring up for review the court's discretion in making the first order: *Commonwealth ex rel. Gozzi v. Gozzi*, 163 Pa. Superior Ct. 527, 63 A. 2d 121.

In cases of this sort the petition to vacate or modify should, if possible, be referred to the judge who made the original order. Such judge is best able to determine the questions involved.

Order reversed and the previous orders of October, 1949, and January, 1950, are reinstated.