**Commonwealth ex rel. Webb v. Webb**

*Wallace A. Murray, Jr.,* for relatrix.

*Albert Momjian,* for respondent.

HONEYMAN, J., October 26, 1973.—On July 1, 1970, relatrix, Nola Webb, filed a petition for support. On August 28, 1970, after hearings, Judge Tredinnick of this court ordered defendant, William Webb, to pay the sum of $200 per week for the support of relatrix. One of the conditions on which that order was based was that defendant continue to make the mortgage and tax payments on a residence jointly owned by the parties, and occupied by the wife.

Recently, cross petitions were filed for an increase and decrease in support resulting in a hearing being scheduled before Judge Stanziani of this court on December 19, 1972. Judge Stanziani dismissed both the petition for an increase and the petition for a decrease without hearings, but after a colloquy of counsel in the nature of offers of proof, because he saw no material changes of circumstances. Relatrix took no appeal from this order. Defendant took an appeal to the Superior Court, contending that he was denied a hearing on his petition. The Superior Court, by order entered on May 17, 1973, directed that a hearing be held thereon.

Thereafter, defendant filed a bill of costs covering the expenses of his appeal. Relatrix filed a petition to strike defendant's bill of costs. A hearing was held

by the court on August 21, 1973, and on August 28, 1973, the court entered two orders. In the first order, after oral argument and consideration of briefs filed, the court granted relatrix' petition to strike defendant's bill of costs. In the second order, after hearing and consideration of memoranda filed, the court refused defendant's petition to vacate the order, but ordered that the support of relatrix be reduced to $146 per week retroactive to December 19, 1972. This order in no way affected or impaired the obligation of defendant to continue paying the mortgage and tax payments on the entireties property, nor did the court intend that anything be modified other than the dollar amount of the support order. This opinion is necessitated by cross appeals taken by both relatrix and defendant to the Superior Court.

There is no merit in the contention that the order granting relatrix' petition to strike defendant's bill of costs was improper. The Act of May 19, 1897, P. L. 67, sec. 21, 12 PS §1160, provides that costs in any appealed case should be paid by the party "finally losing the cause." The Superior Court's order of May 17, 1973, granted a full hearing on this matter as requested by defendant. Such hearing has been held and the matter readjudicated by this court. It is again on appeal. Therefore, no one has yet finally won or lost. Hence, the bill of costs was prematurely filed.

In considering whether a support order should be vacated, reduced or increased, the court must take into consideration all the relevant factors and deal with the order as the case may warrant: Commonwealth ex rel. Fryling v. Fryling, 220 Pa. Superior Ct. 68, 283 A. 2d 726 (1971). The party seeking the change in the order has the burden of showing that the circumstances existing when the original order was entered have materially and substantially changed: Common-

wealth v. Schneiderman, 162 Pa. Superior Ct. 461, 58 A. 2d 196 (1948).

When the original order was entered in 1970, defendant's after-tax income for 1969 was $38,999. Defendant's 1972 tax return shows that his after-tax income for that year was $33,272. This is approximately a $6,000 difference and warrants a decrease of $37.50 per week in the original support order. This figure of $37.50 may be computed by taking one-third, the maximum allowable for support of a wife alone, of the reduction in income figure, $6,000, and dividing that figure, $2,000, by 52.

When the original support order was entered in 1970, relatrix was not employed. By her own admission she commenced employment in the real estate business on January 2, 1973. As the record shows, relatrix' earnings for the first five months of 1973 amount to $1,090. When divided by five, this figure yields an average monthly income of $218 for the first five months of her employment. Projected over the course of a year, this monthly income yields an annual income of $2,616. This warrants a decrease of $16.67 per week in the original support order. This figure of $16.67 may be computed by taking one-third of the annual income figure, $2,616, and dividing that figure $873, by 52.

When the original support order was entered, there was no State income tax. In addition, the city wage tax imposed on defendant was lower than it is at present. The record shows that these facts show an increase in defendant's taxes for 1972 of $1,898. This warrants a decrease of $12.17 in the original support order. This figure of $12.17 may be computed by taking one-third of the annual increase in tax figure, $1,898, and dividing that figure, $632.66, by 52.

When the original support order was entered defen-

dant partially supported a daughter of a prior marriage to the extent of about $2,000 per year. He no longer has that obligation. As a result, $12.50 should be subtracted from the total of the decreases in the original support order warranted by the above-mentioned change in circumstances. The figure of $12.50 may be computed by taking one-third of the former support figure, $2,000, and dividing that figure, $666.66, by 52.

The computations seen above may be viewed schematically as follows:

| | | |
|---|---|---|
| Original Support Order | | $200 per week |
| Less: | | |
| Reduction in | | |
| Income | $37.50 per week | |
| Relatrix' Earnings | 16.67 per week | |
| Increase in Taxes | 12.17 per week | |
| Sub Total | $66.34 | |
| Less: | | |
| Former Support | $12.50 per week | |
| Sub Total | $53.84 per week | − $ 54 per week |
| | | $146 per week |

The enunciated changes indicate to the court a permanent change in defendant's expendable income and, therefore, justify a modification of the original support order: Commonwealth ex rel. Crandall v. Crandall, 145 Pa. Superior Ct. 359, 21 A. 2d 236 (1941). Certainly, the modification should become effective as of December 19, 1972, which was the date the Superior Court, in effect, said the parties should have received a full hearing.