Commonwealth *v.* Preininger, Appellant.

40

Argued April 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John H. Corbett, Jr.,* Trial Defender, with him *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*J. Kent Culley,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 23, 1974:
Appellant was indicted for Armed Robbery and Receiving Stolen Goods, arising from a robbery at knife point of articles valued at thirty-five dollars, and found guilty on both counts by a jury on June 15,

1973. The appellant was placed on probation for a period of ten years, with an "alternate" sentence of not less than two-and-one-half nor more than five years for any violation of probation.[1] Post-trial motions for New Trial and Arrest of Judgment were denied on October 29, 1973.

The appellant raises a number of issues on appeal, only one of which merits discussion.[2] Appellant contends that the trial court abused its discretion by placing appellant on an excessively long period of probation. Specifically, appellant objects to the 10 year probation period as being oppressive and without rehabilitation value, because the facts indicate that the probation was based upon the armed robbery of only thirty-five dollars worth of items.

The Act of August 6, 1941, P. L. 861, §25 (61 P.S. §331.25)[3] provides the trial court with the power to

---

[1] The sentence, as noted on the indictment, provided: "On payment of costs of prosecution by County, Defendant released on probation for a period of 10 years in custody of Probation Officer upon conditions. Defendant to reimburse County for costs. SEE ORDER FILED. Clerk of Courts to set up terms of payment and collect fines, costs and restitution during probation period. Alternate sentence for violation 2½ to 5 years Western Correctional Diagnostic and Classification Center, Pgh., Pa. Defendant to pay costs as arranged by the Clerk of Courts."

[2] Appellant also contends that he was denied his right to a speedy trial, that an in-court identification was tainted by suggestion, and that the response of a juror destroyed the unanimity of the verdict. After a review of the record, we find no merit in these claims.

[3] This section provides in pertinent part: " '. . . [T]he court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct . . . instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law. . . .'" Act of Aug. 6, 1941, P. L. 861, §25 (61 P.S. §331.25).

impose a term of probation rather than imprisonment. Under this statute, the lower court in its discretion, may impose upon the defendant a period of probation up to the maximum period of imprisonment allowed by law for the particular offense.[4] *Commonwealth v. Duff,* 414 Pa. 471, 200 A. 2d 773 (1964).

The discretion of the trial court will not be interfered with in the imposition of a sentence, unless the sentence is manifestly excessive and inflicts too severe a punishment. *Commonwealth v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971); *Commonwealth v. Zelnick,* 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963). We find no abuse of discretion in this case. The offenses are quite serious, not because the value of the property taken was thirty-five dollars, but because the offenses were committed with an "offensive weapon," depriving the victim of not only property, but also endangering his health. The sentence was well within the statutory maximum sentence by imposing a probationary period of ten years.

It is also contended that the portion of the sentence delineating an "alternate" sentence is in error resulting in the complete sentence being illegal. This contention rests on the assertion that, in the instant case, the required sentencing procedure would be to place the defendant on probation for a specified term with no reference to imprisonment.

The Act of Aug. 6, 1941, P. L. 861, §25 (61 P.S. §331.25) provides in part that ". . . the court shall have the power . . . instead of imposing [a sentence of imprisonment], to place the person on probation. . . ." Under this statute, a probation order can be entered

---

[4] See Act of June 24, 1939, P. L. 872, §705 (18 P.S. §4705) (maximum sentence for Armed Robbery not to exceed 20 years); Act of June 24, 1939, P. L. 872, §817; Act of May 21, 1943, P. L. 306, §1 (18 P.S. §4817) (maximum sentence for Receiving Stolen Goods not to exceed five years).

either pursuant to suspension of sentence or in lieu of sentence, and is not itself a sentence. *Commonwealth v. Vivian,* 426 Pa. 192, 231 A. 2d 301 (1967); *Commonwealth v. Ferguson,* 201 Pa. Superior Ct. 649, 193 A. 2d 657 (1963). See also Annot., 56 A.L.R. 3d 932 (1974). Thus, an order of probation can be entered only upon suspending the imposition of sentence or instead of imposing such sentence. *Commonwealth v. Peterson,* 172 Pa. Superior Ct. 341, 94 A. 2d 582 (1953).

The use of the "alternate" sentence in the trial courts of the Commonwealth in criminal cases is a long standing common practice. However, as evidenced by this discussion, there has been confusion as to its definition and status. An "alternate" sentence is not "in lieu" or "instead" of a sentence when coupled with a probation order, because it is not a sentence in that it is not a "[j]udgment formally declaring to accused legal consequences of guilt . . . of which he has been convicted." Black's Law Dictionary 1528 (4th rev. ed. 1968). Essentially, the "alternate" sentence serves as only an administrative indication of the trial judge's probable sentencing views, and does not attach a term of imprisonment upon violation of probation or bind the probation revocation hearing judge in any manner.

The use of the "alternate" sentence as an administrative guideline is an extension of the well-settled doctrine that the trial judge's observations as to the demeanor of the defendant and the witnesses, and the state of the evidence, should be given prime consideration in determining defendant's sentence. *Cf. Commonwealth v. Horn,* 395 Pa. 585, 150 A. 2d 872 (1959); *Commonwealth ex rel. Skulsky v. Skulsky,* 168 Pa. Superior Ct. 635, 82 A. 2d 312 (1951).

In the event of a violation of probation, the defendant is brought before the court that released him, and the court pronounces sentence as prescribed by law. Act of May 10, 1909, P. L. 495, §4 (19 P.S.

§1084); Act of June 19, 1911, P. L. 1055, §4 (19 P.S. §1055). The court at the revocation hearing then imposes sentence according to the same procedures as are applicable to the original sentencing proceedings. *Commonwealth v. Cole*, 222 Pa. Superior Ct. 229, 294 A. 2d 824 (1972). See also American Bar Association Standards for Criminal Justice, *Standards Relating to Probation* §1.1(f) (Tent. Draft 1970). Thus, if the defendant violates the terms of his probation, probation may be revoked and sentence imposed on the original conviction. *Commonwealth v. Vivian, supra.*

At the time of the violation of probation the "alternate" sentence does not automatically become the sentence of the defendant; such an action is prohibited by the statute providing for probation in lieu of sentencing. Act of Aug. 6, 1941, P. L. 861, §25 (61 P.S. §331.25). The "alternate" sentence also does not bind the revocation hearing judge as to the length or type of sentence to be imposed. Pursuant to the Act of May 10, 1909, P. L. 495, §4 (19 P.S. §1084), the revocation hearing judge pronounces the sentence prescribed by law.

The use of the "alternate" sentence does not violate the purposes of probation as recognized by this Commonwealth. See *Commonwealth v. Ferguson, supra.* An order placing a convicted defendant on probation in lieu of a sentence, gives the defendant the opportunity of demonstrating that he is worthy of the trust reposed in him that he will not again come in conflict with the criminal law. *Commonwealth v. Peterson, supra.* The policy implicit in requiring the fixing of sentence in the event of a violation of probation only after a finding that a violation has occurred, is that a prison term which is to follow the revocation of probation should be formulated on the basis of the facts as they appear at the time of the violation. American Bar Association Standards for Criminal Justice, *Standards*

*Relating to Sentencing Alternatives and Procedures* §2.3(b)(iii), Commentary at 71-72 (Approved Draft 1968). See also *Model Penal Code* §6.02, Commentary at 12-13 (Tent. Draft No. 2 1954).

The "alternate" sentence is not binding upon the revocation hearing judge and the hearing judge may consider, in addition to the administrative suggestion of the trial judge, the facts of defendant's conviction as they appear at the time of the probation violation.

The "alternate" sentence does not impose a prison term upon defendant, nor upon his record. It does, however, serve as a sharp reminder that his probation is not the proverbial "slap on the wrist" and that violation of the probation is subject to the imposition of a prison term. This indeed should add, rather than detract, from the very heart of the purpose of probation, which is a conditional release of a convicted defendant into society in the belief that such defendant merits that consideration and that he will not reappear as a violator of our laws. It has long been an effective means used by our trial judges in the belief that it accomplishes that result.

For these reasons we find that the "alternate" sentence does not violate the statutes of the Commonwealth, nor is it prohibited by any tenets of our jurisprudence, and we therefore affirm the judgment of the lower court.

Judgment of sentence affirmed.

VAN DER VOORT, J., concurs in the result.

———

CONCURRING OPINION BY HOFFMAN, J.:

I agree with the conclusion of the Majority of the Court that the use of the "alternate" sentence does not render appellant's entire sentence illegal.[1]

———

[1] The sentence was as follows: "On payment of costs of prosecution by County, Defendant released on probation for a period of

I do agree, however, with Judge SPAETH'S observation that the alternate sentence is not merely ". . . an administrative indication of the trial judge's probable sentencing views." The pronouncment of an alternate sentence does have legal effect; double jeopardy would prevent a revocation hearing judge from *increasing* the appellant's sentence.[2]  *Commonwealth v. Silverman,* 442 Pa. 211, 275 A. 2d 308 (1971); *Commonwealth v. Scheetz,* 217 Pa. Superior Ct. 76, 268 A. 2d 193 (1970); *Commonwealth v. Jackson,* 218 Pa. Superior Ct. 357, 280 A. 2d 422 (1971).

Absent an attempt to resentence the appellant to a sentence in excess of five years, we find no violation of appellant's rights and therefore join in the decision of the Majority to affirm the judgment of sentence.

---

10 years in custody of Probation Officer upon conditions. . . . Alternate sentence for violation 2½ to 5 years Western Correctional Diagnostic and Classification Center, Pgh., Pa. . . ."

[2] The majority cites *Commonwealth v. Cole,* 222 Pa. Superior Ct. 229, 294 A. 2d 824 (1972) to suggest that the revocation judge would have full sentencing discretion. In *Cole,* we said that the resentencing power of a court is limited. "If a defendant is sentenced, but the judge chooses to suspend sentence pending a period of probation, the trial judge may re-sentence the defendant if he violates that probation. *The maximum period of the re-sentence is limited, however, to the maximum term under which the defendant was originally sentenced.*" 222 Pa. Superior Ct. at 231. (Emphasis added.)

---

DISSENTING OPINION BY SPAETH, J.:

Appellant was placed on ten years probation with an alternative sentence of not less than two and a half nor more than five years for any violation of probation. In my view this was an illegal sentence. The Act of Aug. 6, 1941, P. L. 861, §25, 61 P.S. §331.25, provides that ". . . the court shall have the power . . . instead of imposing [a sentence of imprisonment], to place the person on probation. . . ." Probation is not a sentence.

*Commonwealth v. Vivian,* 426 Pa. 192, 231 A. 2d 301 (1967). *Cf. Commonwealth v. Duff,* 414 Pa. 471, 200 A. 2d 773 (1964); *Commonwealth ex rel. Champion v. Claudy,* 171 Pa. Superior Ct. 143, 90 A. 2d 638 (1952). "[I]nstead of" does not mean "along with" or "as an alternative to." The proper, and required, procedure is to place the defendant on probation for a specified term with no reference to imprisonment. If the defendant violates probation, then the court decides at the revocation hearing whether to impose a sentence of imprisonment. This procedure is also in accord with the *A.B.A. Standards, Sentencing Alternatives and Procedures* §2.3(b)(iii) (Approved Draft, 1968).

It may be that the alternative sentence "is a long standing common practice," but practice does not always connote propriety. Nor am I persuaded by the suggestion that the alternative sentence "serves only as an administrative indication of the trial judge's probable sentencing views," leaving the judge free after all not to send the defendant to prison if he violates probation. In the first place, the judge stultifies himself if he threatens to imprison the defendant for a violation of probation and then does not, but in the second place, and perhaps more important, the threat should never be made: "The basis for this position is not unlike the major reason that mandatory sentences should be avoided. Proper prison terms cannot be selected by the legislature before the occurrence of the facts which may call for their imposition. Similarly, any prison term which is to follow the revocation of probation should be formulated on the basis of the facts as they then appear." See MODEL PENAL CODE §6.02, Comment pp. 12-13 (Tent. Draft No. 2 1954). *ABA Standards, supra* at 71-72.