## Commonwealth *v.* Houser, Appellant.

Argued November 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard H. Albert,* for appellant.

*David B. Wasson,* Assistant District Attorney, with him *Albert M. Nichols,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., February 27, 1975:

On December 4, 1972, appellant pleaded guilty to possession of a small amount of heroin. He received a sentence of three years probation. No direct appeal was taken. The terms of probation were allegedly violated and on June 10, 1974, a hearing was held. After testimony was received, the lower court revoked appellant's probation and sentenced him to one year of imprisonment.

In this appeal from the sentence of the lower court after revocation of probation, appellant questions whether his plea of guilty in 1972 was knowing and voluntary. For relief appellant requests us to vacate the judgment and grant him a new trial. After reviewing the record we find that the validity of the 1972 plea was not challenged at the hearing in the court below. The only issues raised there were whether probation had been violated and the permissible range of sentencing upon revocation of probation. The lower court was not requested to nor did it on its own motion consider the issue of the validity of the 1972 guilty plea.

Under these circumstances we decline to review the merits of this issue. It is well established that "we will not review for the first time on appeal issues not properly raised and preserved in the trial court." *Commonwealth v. Reid,* 458 Pa. 357, 359, 326 A.2d 267, 268 (1974). However, we do not find that appellant waived the issue by failing to raise it at the violation of probation hearing. That proceeding was merely a narrow inquiry instituted

by the Commonwealth to determine whether appellant violated the terms of his probation. *See Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973). The validity of the 1972 guilty plea was not an issue to be raised at that proceeding.

If the appellant desires to raise the guilty plea issue he may do so in a petition under the Post Conviction Hearing Act. *See* Act of Jan. 25, 1966, P.L. (1965) 1580, §3(c) (7), 19 P.S. §1180-3 (c) (7) (Supp. 1974-75).

Sentence affirmed.