378 A.2d 1013

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth JOHNSON, a/k/a Webster Johnson, a/k/a William White, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Oct. 6, 1977.

Walter J. Collins, Jr., Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On December 16, 1970, appellant was convicted of receiving stolen goods. After receiving a pre-sentence report, the court placed appellant on probation for three years. On May 2, 1972, the court revoked probation because of appellant's failure to report to his probation officer, but then again placed appellant on probation for a new three years, with a requirement that appellant enter a drug treatment program. Appellant did not appeal this order. On April 7, 1975, after finding that appellant had committed a burglary and had failed to meet the requirements of the drug treatment program, the court revoked probation and sentenced appellant to prison for one and one half to three years. Again, appellant did not appeal. By order of June 2, 1976, Judge DOTY gave appellant permission to appeal *nunc pro tunc*, both from the May 2, 1972, order and from the April 7, 1975, order.

1

Appellant contends that the court did not have jurisdiction to sentence him to prison. His reasoning is this: When the court, on May 2, 1972, found that he had violated his original term of probation, it was impowered to do only one of two things: either continue his probation, or sentence him to prison. Since the court's order of May 2, 1972, did neither, it was void. Consequently, so was the second term of probation void; and since the April 7, 1975, judgment of sentence was based on the revocation of a void term of probation, so was it void.

The Sentencing Code[1] expressly provides for what the lower court did here. Thus Section 1371 of the Code states:

· · · · ·

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1301 *et seq., as amended,* 18 Pa.C.S.A. § 1301 *et seq.*

(b) Revocation—The Court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

. . . . .

18 Pa.C.S.A. § 1371.

The "sentencing alternatives" thus referred to are listed in Section 1321 of the Code, 18 Pa.C.S.A. § 1321, and include "[a]n order of probation."

Here, however, the Sentencing Code is not controlling, for appellant's original term of probation was revoked and the new term imposed on May 2, 1972, which was before the effective date of the Code. The question, then, is whether a sentencing court's discretion was more narrowly defined before the Code than it is now.

The lower court's authority to revoke probation may be found in the Act of June 19, 1911, P.L. 1055, § 4, 19 P.S. § 1055:[2]

Whenever a person placed on probation, as aforesaid, shall violate the terms of his or her probation, he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation, which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct.

Appellant contends that the language "*may* . . . pronounce . . . such sentence as may be prescribed by

---

**2.** Pre-Sentencing Code authority for imposing a term of probation instead of a term of imprisonment may be found in the following acts: Act of May 10, 1909, P.L. 495, § 1, 19 P.S. § 1081; Act of June 19, 1911, P.L. 1055, § 1, 19 P.S. § 1051; and Act of Aug. 6, 1941, P.L. 861, § 25, 61 P.S. § 331.25. These very similar provisions were harmonized in *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973).

law . . ." should be construed as meaning "*must* . . pronounce . . . such sentence." The basis for this contention is the rather formalistic maxim that a term of probation is not a "sentence." *See Commonwealth v. Vivian,* 426 Pa. 192, 231 A.2d 301 (1967).[3] We conclude, however, that in using the word "may" the legislature intended to leave the disposition of the case to the sentencing court, granting the court the authority to impose a sentence of imprisonment but not commanding it to do so.

This conclusion is consistent with the cases. Our court has implied that upon finding a violation of probation, the sentencing court may employ the same procedures as are available at the original sentencing proceeding, *Commonwealth v. Preininger,* 230 Pa.Super. 39, 326 A.2d 612 (1974) *allocatur denied*; and in *Commonwealth v. Vivian, supra,* 426 Pa. at 201, 231 A.2d at 306, the Supreme Court said:

> If a defendant is placed on probation under the Acts of 1911 [19 P.S. § 1051] and 1941 [61 P.S. § 331.25] . . . the court clearly has the right to later modify the order of probation if the terms thereof are violated or conditions thereof are not met . . . .

Here, in substance the lower court did no more than modify appellant's original term of probation by lengthening it and by adding a condition relating to drug treatment, both of these modifications arising as a result of appellant's violation of the original term.[4]

There are, moreover, strong policy considerations supporting the conclusion that the lower court was impowered to do more than either continue appellant's original probation or commit him to prison. Justice is by no means always served by committing the offender to prison. Probation provides the court with a flexible remedy that may be adapted to the

**3.** The Sentencing Code, *supra* at note 1, makes it clear that now, at least, a term of probation is a "sentence." 18 Pa.C.S.A. § 1321.

**4.** Appellant gave as a reason for his failure to make the required reports to his probation officer the fact that he had "a very serious drug problem." May 2, 1972, Hearing, N.T. 8.

nature of the crime, the character of the offender, and all other relevant considerations. Probation may offer the best opportunity of rehabilitating the offender while at the same time protecting the public interest.

The present case illustrates these policy considerations. After receiving a pre-sentence report, the lower court apparently concluded that probation offered a reasonable opportunity of rehabilitating appellant while at the same time protecting the public interest. It would make no sense to say that the court had the discretion to make such a judgment, but that immediately upon violation of the probation, the discretion vanished, and the court was constrained either to commit appellant to prison or to continue the original probation. The violation might well show that the conditions of the probation should be modified and made more stringent; it might equally show, however, that to commit the offender to prison would be unjust. *See* ABA Project on Standards for Criminal Justice, Standards Relating to Probation, § 5.1 (Approved Draft 1970); Standards Relating to Sentencing Alternatives and Procedures, § 2.3 (Approved Draft 1968).

2

Appellant also contends that the procedure employed by the lower court was in violation of the Double Jeopardy Clause of the 5th Amendment and the Cruel and Unusual Punishment Clause of the 8th Amendment of the United States Constitution. He offers no explanation of these contentions, and we find no merit in them. *Commonwealth v. Cole,* 222 Pa.Super. 229, 294 A.2d 824 (1972).

Affirmed.

PRICE, J., concurs in the result.