418 A.2d 465

**COMMONWEALTH of Pennsylvania**

**v.**

**Martin MUELLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed Jan. 18, 1980.

398

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, WIEAND and VAN der VOORT, JJ.*

* Judge DONALD E. WIEAND is sitting by special designation.

PRICE, Judge:

On November 25, 1975, appellant pleaded guilty to burglary,[1] and two charges of theft by receiving stolen property.[2] He was sentenced to a term of imprisonment of from three to twenty-three months on the burglary charge, and to a two year probationary term on each theft charge, the latter terms to run concurrently to each other but to commence at the expiration of the maximum burglary sentence. Appellant was parolled from that burglary sentence on December 4, 1975.

Following several alleged violations of probation, appellant was apprehended and a *Gagnon II* hearing held on February 9, 1979. At that time, appellant admitted that he had: absconded from supervision on or about March 17, 1977; failed to report to his supervisor; failed to pay the fines and costs imposed on his prior burglary conviction; been arrested on April 19, 1978, and subsequently convicted on a weapons and attempted robbery charge. As a result of these violations, probation was revoked and appellant sentenced to consecutive prison terms of eight to twenty-four months on the original theft charges. A petition for modification of the sentence was thereafter dismissed, and appellant now alleges that the sentence was not only unduly harsh, but that he was placed in double jeopardy by the imposition of consecutive prison terms following the revocation of concurrent probationary terms. For the reasons stated herein, we agree in part with appellant and, consequently, remand for resentencing.

Addressing first appellant's double jeopardy argument, we note that he cites no precedent in support of his proposition. While this would not be fatal were his argument sound, such is not here the case. The courts of this Commonwealth have continually held that following a proper revocation of probation, the sentencing judge is not limited by the probationary terms, but may impose any sentence that was available at

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3925.

the time of the original conviction. *E. g., Commonwealth v. Johnson*, 250 Pa.Super. 431, 378 A.2d 1013 (1977); *Commonwealth v. Preininger*, 230 Pa.Super. 39, 326 A.2d 612 (1974); *Commonwealth v. Cole*, 222 Pa.Super. 229, 294 A.2d 824 (1972). As we stated in *Cole*, a term of probation "may not act as a limitation on the court to impose a sentence for a term of years greater than the probationary period, not in excess of the maximum fixed by law for the particular offense." *Commonwealth v. Cole, supra*, 222 Pa.Super. at 232, 294 A.2d at 826. Moreover, our Sentencing Code provides: "Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 18 Pa.C.S. § 1371(b). *Accord* A.B.A. Standards for Criminal Justice Relating to Probation, Section 1.1(f).

At the time of sentencing on multiple offenses, the presiding judge has the option of choosing, within the statutory limits, not only the number of years to be served on each offense, but whether those sentences should be consecutive or concurrent. 18 Pa.C.S. § 1357. We see no reason to distinguish these alternatives, for it would be nonsensical to deny the sentencing judge one alternative available at sentencing—the consecutive-concurrent option—yet permit him his original option with respect to the total number of years. Consequently, we find that the imposition of consecutive sentences here is not repugnant to the double jeopardy clause of the United States Constitution.

Appellant's second contention is meritorious. While we view the sentence imposed as neither illegal nor unduly harsh, it does appear that the sentencing court failed to place its reasons for the sentence on the record. In a series of decisions rendered since the seminal case of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), our supreme court has made clear that in order to assist our appellate courts in the intelligent review of sentencing decisions, the sentencing judge must indicate his rationale for the particular sentence imposed. *See Commonwealth v.*

*Kostka,* 475 Pa. 85, 379 A.2d 884 (1977). Instantly, the sole reason advanced by the court for the sentence imposed was that the crime was serious and the prior probationary period had failed in its essential purpose. While these are no doubt reasons for revoking probation, standing alone, they hardly offer an adequate explanation for why the particular sentence was imposed. This court has not required a sentencing judge to quote chapter and verse of the sentencing code, but we do require some tangible indication that the tenets of the code were considered. We have no such indication here, and must consequently remand for resentencing.

Judgment of sentence reversed and the case remanded for resentencing.