434 A.2d 769

**COMMONWEALTH of Pennsylvania,**

**v.**

**Eugene NANCE, a/k/a James Lawson, a/k/a Charles Clarke, a/k/a Lester Banks, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed Sept. 4, 1981.

314

David G. Metinko, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Appellant was found guilty of Burglary,[1] Robbery,[2] and Aggravated Assault.[3] A motion for a new trial was granted, after which Appellant pled guilty to a single count of Burglary. On November 23, 1976, he was sentenced to a five-year period of probation. In May, 1979, Appellant was convicted on an unrelated charge of Armed Robbery.[4] On September 10, 1979, the trial judge on the earlier sentence was advised of the subsequent conviction; and a probation violation hearing was held on September 27, 1979.

At this hearing, the lower court revoked and set aside the probation and sentenced Appellant to incarceration of not less than five, nor more than twenty, years. This appeal is from the judgment of sentence of September 27, 1979.

Appellant presents seven issues for our consideration. First, was the guilty plea unintelligently, unknowingly, and involuntarily entered? Second, was Appellant denied the right to effective assistance of counsel at the guilty plea hearing and at the probation revocation hearing? Third, did the trial court violate due process when it introduced extrinsic evidence to determine whether or not Appellant received proper notice of the probation violation? Fourth, was the period of time between the alleged probation violation and the probation revocation hearing so unreasonable that it constituted a denial of due process? Fifth, did the trial court's failure to inform Appellant of his rights, as mandat-

1. 18 Pa.C.S.A. § 3502.

2. *Id.*, § 3701.

3. *Id.*, § 2702.

4. *Id.*, § 3701, § 6103.

ed by Pa.R.Crim.P. 1405, constitute a denial of due process? Sixth, did the trial court err in not granting Appellant an opportunity to withdraw his guilty plea before sentencing?

Appellant's seventh issue was presented after this court, on November 11, 1980, granted Appellant's Motion to Amend Brief to present an additional argument. This additional argument is that the imposition of a sentence exceeding the five-year period of probation constituted double jeopardy.

For the following reasons, we vacate the judgment of sentence of September 27, 1979, and remand.

■ Appellant's first issue, which challenges the validity of the guilty plea that he entered in 1976, is not properly before this court. Appellant has filed neither a direct appeal from the order of probation nor a petition under the Post Conviction Hearing Act [5] to challenge the validity of the guilty plea. Appellant cannot collaterally attack this issue on appeal until he has challenged the validity of the plea in the trial court.

The prosecution argues that Appellant's failure to raise the issue of the validity of the guilty plea constitutes a waiver of the issue. In support of this argument, the prosecution cites *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975). In *Gilmore*, the court states,

The *knowing* failure to appeal from the order of probation constitutes a waiver of the right to challenge the validity of the conviction upon which the probation order is based. (Emphasis added.)

Id., 465 Pa. at 205, 348 A.2d at 427.

In the instant case, Appellant contends that he was coerced to plead guilty by his counsel from the public defender's office, who advised Appellant "to get things over with" (Pro Se Supplemental Brief, section 1A, paragraph 3). Until the merits of Appellant's allegations concerning coercion of the guilty plea have been determined at an evidentiary hearing, this court cannot presume that Appellant's fail-

5.   19 Pa.C.S.A. § 1180–1 et seq. (Supp. 1979–80).

ure to appeal from the order of probation constituted a *knowing* waiver. If an overworked public defender coerced Appellant to plead guilty in order to "get things over with," it is reasonable to believe that the same defender may not have adequately advised Appellant of his right to appeal from the order of probation. If Appellant's failure to appeal from the order of probation cannot be presumed to constitute a *knowing* failure, then, according to *Gilmore*, Appellant has not waived the issue of the validity of the guilty plea.

■ Appellant may raise the issue of the guilty plea in a petition pursuant to the Post Conviction Hearing Act. *See Commonwealth v. Houser*, 232 Pa.Super. 384, 386, 334 A.2d 691, 692 (1975). In *Houser*, the court held that the defendant, despite his failure to appeal from the probation order, had not waived the issue of the validity of his prior guilty plea. Since the defendant in *Houser* had not previously raised the issue of the guilty plea before the trial court, the appellate court did not decide this issue. Instead, the court informed Houser that he could raise the issue by filing a PCHA petition. In the instant case, Appellant may follow the same procedure.

■ Appellant's second issue alleges that he was denied the right to effective assistance of counsel at the guilty plea hearing and at the probation revocation hearing. Throughout the proceedings in the lower court, as well as in this appeal, Appellant has been represented by various members of the Allegheny County Public Defender's office. Under these circumstances, the proper procedure is to remand for the appointment of counsel who is not associated with the public defender's office. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). The rationale underlying this procedure is the assumption that appellate counsel who has been associated with trial counsel, whose ineffective assistance is at issue, may not provide the "zealous advocacy" to which Appellant is entitled. *Commonwealth v. Fox*, 476 Pa. at 479, 383 A.2d at 200.

If, on remand, Appellant chooses to retain Public Defender counsel, he should be made aware of the dangers and possible disadvantages of proceeding with counsel he asserts is ineffective. The court should inform appellant of those facts necessary to ensure that his decision is intelligent and voluntary. *Commonwealth v. Gardner*, 480 Pa. 7, 11, 389 A.2d 58, 60 (1978). *Commonwealth v. Boyer*, 277 Pa.Super. 82, 419 A.2d 671, 672 (1980).

Appellant's third issue asserts that he was denied due process of law because the written notice of the probation violation does not appear on the record. The lower court found that Appellant received written notice on September 21, 1979—six days before the hearing. This is confirmed in Appellant's pro se Supplemental Brief, at page 2 of his argument, wherein he contends that the six-day written notice was not sufficient to prepare a defense.

■ Although Appellant did not raise the issue that written notice had not been placed on the record at the probation revocation hearing, the Commonwealth's brief concedes that Appellant has preserved this issue for appeal because this issue was included in Appellant's Statement Of Matters Complained Of On Appeal. Appellant does not deny that he received written notice of the hearing; instead, he argues that this notice must be placed on the record. The Commonwealth has no obligation to produce evidence of written notice if defendant has not challenged a lack of written notice. *Commonwealth v. Quinlan*, 488 Pa. 255, 260, 412 A.2d 494, 497 (1980). Thus, Appellant's third issue is without merit.

Appellant's fourth basis for appeal is that the length of time between his probation violation and his revocation hearing was unreasonable and, accordingly, violated due process. In the instant case, the hearing was held in less than four and one-half months following conviction. Appellant had served less than three years of his five-year probation at the time of revocation. The hearing judge scheduled the revocation proceeding, and it was held within seventeen days of Appellant's notification of the violation. Appellant

was in the Allegheny County Jail on the new conviction throughout this period.

Pa.R.Crim.P. 1409 states that a revocation hearing must be held "as speedily as possible." The courts have held that the requirement of Rule 1409 is not to be determined solely by the length of time between the conviction and the hearing. Rather, the question is one of what constitutes a reasonable time under the circumstances. *Commonwealth v. Young*, 262 Pa.Super. 253, 256, 396 A.2d 741, 742 (1978). To determine the reasonableness of the delay, the court examines three factors: the length of the delay, the reasons for the delay, and the prejudice to the defendant as a result of the delay. *Id.*, 262 Pa.Super. at 257, 396 A.2d at 743.

In *Commonwealth v. Williams*, 254 Pa.Super. 202, 385 A.2d 979 (1978), this court held that a delay of five and one-half months was not unreasonable where the Commonwealth did not deliberately delay the hearing and where the delay did not prejudice the defendant's case. In the instant case, Appellant has not even alleged that the Commonwealth deliberately delayed the hearing, nor has he presented any facts to support his allegation that the delay resulted in prejudice to his case. Thus, we find this issue is without merit.

Appellant's fifth issue alleges that another violation of due process occurred at the probation revocation hearing because he was not informed of his right to appeal or of the consequences of his failure to appeal. Since Appellant has filed the timely appeal that we are now considering, and since Appellant has not been prejudiced by failure to appeal, we consider this issue to be moot. *Commonwealth ex rel. Reno v. Lawler*, 343 Pa. 353, 354, 22 A.2d 900, 901 (1941).

Appellant's sixth contention is that the trial court erred when it imposed the maximum sentence permitted by statute upon Appellant without first allowing him to withdraw the 1976 guilty plea. This issue is frivolous and has no merit or basis in the law.

■ In his seventh issue, Appellant claims that the five-to-twenty-year sentence, which was imposed after the revocation of probation, constituted double jeopardy because it exceeded the five-year probation. Section 1371(b) of the Sentencing Code, which was effective when Appellant was originally sentenced, allows the judge at revocation to impose any sentence that was available at the time of the original conviction. Section 1371(b) states:

> The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.[6]

Thus, the sentence imposed following a revocation of probation is not limited by the terms of the probation. *Commonwealth v. Mueller*, 274 Pa.Super. 397, 400, 418 A.2d 465, 467 (1980); *Commonwealth v. Raymond*, 261 Pa.Super. 108, 395 A.2d 1337 (1978).[7]

---

**6.** 1974, Dec. 30, P.L. 1052, No. 345, § 1371(b), effective in 90 days. As amended 1980, Oct. 5, P.L. 693, No. 142, § 401(a), effective in 60 days.

**7.** Both *Mueller* and *Raymond* cite *Commonwealth v. Cole*, 222 Pa. Super. 229, 294 A.2d 824 (1972), as precedent for the holding that we have reached in the instant case. We note, however, that *Cole* was based upon the rationale that "the term of probation *is not a term of sentence*, and may not act as a limitation on the court to impose a sentence for a term of years greater than the probationary period, not in excess of the maximum fixed by law for the particular offense" [emphasis added]. *Id.*, 222 Pa.Super. at 232, 294 A.2d at 826; *Commonwealth v. White*, 264 Pa.Super. 495, 500, n. 6, 400 A.2d 194, 196 n. 6. The statutory basis for the rationale that probation is not a sentence is to be found in section 331.25 of the Pennsylvania Parole and Probation Act, which states:

Whenever any person shall be found guilty of any criminal offense by verdict of a jury, plea, or otherwise, except murder in the first degree, in any court of this Commonwealth, the court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good *does not demand or require the imposition of a sentence to imprisonment, instead of imposing such sentence, to place the person on probation* for such definite period as the court shall direct, not exceeding the maximum period of imprisonment al-

■   In the instant case, Appellant pled guilty to Burglary, which is a felony of the first degree.[8]   The sentence for a felony of the first degree may include a period of imprisonment not in excess of twenty (20) years.[9]   Appellant's sentence does not exceed twenty (20) years, which was the sentence available at the time of the original conviction. Thus the sentence imposed after revocation of Appellant's probation does not constitute double jeopardy.

lowed by law for the offense for which such sentence might be imposed.   1941, Aug.  6, P.L.  861, §  25.   [Emphasis added.] 61 Pa.C.S.A. § 331.25.

Section 9721(a) of the Sentencing Code, however, includes probation among the alternatives to be considered in imposing a sentence:

(a) General rule.—In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

Section 2(b) of the Act of Dec. 30, 1974, P.L. 1052, No. 345 (the Sentencing Code), provides that "All acts and parts of acts are repealed in so far as they are inconsistent herewith."   Thus, in any conflict between the Sentencing Code and the Parole and Probation Act, the Sentencing Code has priority.

Although *Cole* and other cases tried to avoid double jeopardy problems, when probation was revoked, by referring to probation as a "conditional order," or an order "in lieu of sentencing," this rationale is no longer valid under the Sentencing Code.   The following cases are also based upon the rationale that probation is not a sentence: *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978); *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967); *Commonwealth v. Rooney*, 233 Pa.Super. 225, 335 A.2d 710 (1975); *Commonwealth v. Preininger*, 230 Pa.Super. 39, 326 A.2d 612 (1974).   Although an order of probation constitutes a final sentence from which an appeal may be taken, the distinctions made by previous cases need not be considered in an attempt to avoid double jeopardy issues.   Section 1371(b) of the Sentencing Code (now 42 Pa.C.S.A. § 9771[b]) determines the maximum sentence that the court may impose upon revocation of probation.

8.   18 Pa.C.S.A. § 3502(c).

9.   *Id.*, § 1103(1).

The judgment of sentence, dated September 27, 1979, is vacated; and the case is remanded for the appointment of new counsel for an evidentiary hearing concerning the validity of the guilty plea and the alleged ineffective assistance of counsel, and for all other proceedings consistent with this opinion.

POPOVICH, J., concurs in the result.