J-S26029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK ALAN COLIAN | |
| Appellant | No. 1830 MDA 2014 |

Appeal from the Judgment of Sentence of October 7, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000139-2010

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED MAY 01, 2015**

Mark Alan Colian appeals the judgment of sentence entered on October 7, 2014, which was imposed following a violation of his probation. Counsel for Colian has filed with this Court a motion to withdraw as counsel together with an **Anders**[1] brief.  Herein, we conclude that Colian's counsel has satisfied the **Anders/Santiago** requirements, and we agree with counsel that Colian has no meritorious issues to pursue on appeal. Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Colian's judgment of sentence.

The trial court set forth the relevant history of this case as follows:

---

[1]    **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  In **Santiago**, our Supreme Court developed certain criteria that counsel must satisfy in order to ensure compliance with the principles underlying the **Anders** decision.

On April 26, 2010, [Colian] pled guilty to one count of possession with intent to deliver heroin,[2] and in exchange, the other charges pending against [Colian] were *nolle prossed*.  On July 14, 2010, [Colian] was sentenced to 21 to 48 months['  incarceration] followed by two years of special probation.

On October 7, 2014, a ***Gagnon II***[3] hearing was held and [Colian] stipulated to the violations of his probation, and in particular, admitted to leaving the jurisdiction, changing his residence and failing to maintain contact with parole supervision.  [The trial court] noted that [Colian] had been a handful while serving the parole portion of his sentence, and his probation officer stated that he had absconded twice while on parole.  The court stated that all he had to do was keep probation informed, and that his actions show[ed] a defiance of authority and willingness to flaunt authority.  The court stated that it has an obligation of supervising him and making certain that the public is safe.  The court noted that it had given him a break in his original sentence since he had a substantial amount of drugs and weapons were involved, but the court still made him RRRI eligible and boot camp eligible after wiping out a previous assault which would have precluded him from these programs.  The court then revoked [Colian's] probation and sentenced him to 12 to 48 months of incarceration.

On October 8, 2014[, Colian]filed a motion for reconsideration which was denied on October 10, 2014.  On October 29, 2014, [Colian] filed a notice of appeal, and on October 30, 2014, [the trial court] ordered [Colian] to file a concise statement of the [errors] complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b).  On November 17, 2014, [Colian] filed a statement of matters complained of on appeal.  [On December 18, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).]

Trial Court Opinion ("T.C.O."), 12/18/2014, at 1-2 (emphasis added; citations to notes of testimony omitted; some capitalization modified).

_____

[2]     35 P.S. § 780-113(a)(30).

[3]     ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

In her **Anders** brief, counsel for Colian has identified three potential issues for our review:

A. Whether the imposition of the 12 month to 48 month sentence of confinement on October 7, 2014, following the revocation of [Colian's] probation violated the Double Jeopardy Clause of the Fifth Amendment as applied to the States through the Fourteenth Amendment?

B. Whether the sentence imposed was harsh and excessive?

C. Whether the lower court illegally re-sentenced [Colian] outside of the sentencing guidelines?

**Anders** Brief for Colian at 4.

Because counsel for Colian proceeds pursuant to **Anders** and **Santiago**, we first must pass upon counsel's petition to withdraw before reviewing the merits of the issues identified in Colian's brief. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. Pursuant thereto, the brief must provide the following information:

(1) a summary of the procedural history and facts, with citations to the record;
(2) reference to anything in the record that counsel believes arguably supports the appeal;
(3) counsel's conclusion that the appeal is frivolous; and
(4) counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel also must provide a copy of the **Anders** brief to her client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007); **see Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010). Finally, to facilitate our review of counsel's satisfaction of her obligations, she must attach to her petition to withdraw as counsel the letter that she transmitted to her client. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has complied substantially with **Santiago's** requirements. Counsel has provided a procedural history detailing the events relevant to this appeal with appropriate citations to the record. **See Anders** Brief for Colian at 5-6. Counsel also has articulated Colian's arguments and has analyzed those issues with appropriate citations to the record and case law. Ultimately, counsel has concluded that Colian has no non-frivolous bases for challenging his judgment sentence. **Id.** at 14.

Counsel also has sent Colian a letter informing him that she has identified no meritorious issues to pursue on appeal; that counsel has filed an application to withdraw from Colian's representation; and that Colian may find new counsel or proceed *pro se*. Counsel has attached the letter to her

- 4 -

petition to withdraw, as is required by **Millisock**.  **See** Petition to Withdraw as Counsel, 1/9/2015.  Accordingly, counsel has complied substantially with **Anders**' technical requirements.  **See Millisock**, 873 A.2d at 751.

We now must conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if any meritorious issues may remain.  **Santiago**, 978 A.2d at 355 (quoting **Anders**, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  If it so finds it may grant counsel's request to withdraw . . . .").

We begin with Colian's first listed issue, wherein Colian would argue that the sentence imposed by the trial court following his probation violation constitutes a second sentence and a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  Generally, a challenge to a sentence based upon double jeopardy principles implicates the legality of a sentence, **see Commonwealth v. Foster**, 960 A.2d 160, 164 (Pa. Super. 2008), and our standard of review is *de novo* and our scope of review is plenary.  **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014).

It is well-settled that Colian's double jeopardy claim is frivolous.  In **Commonwealth v. Hunter**, 468 A.2d 505 (Pa. Super. 1983), we explained why such challenge has no merit as follows:

> It is axiomatic that the Double Jeopardy Clause of the Fifth Amendment [to] the Constitution protects against the imposition of multiple punishments for the same offense in the form of an

- 5 -

increase in the sentence. ***See Commonwealth v. Silverman***, 275 A.2d 308 (Pa. 1971). For purposes of double jeopardy analysis, probation is a punishment. ***Commonwealth v. Vivian***, 231 A.2d 301 (Pa. 1967), and a judgment of sentence, ***Commonwealth v. Nance***, 434 A.2d 769, 773 n.7 (Pa. Super. 1981). While probation is a final sentence that will provoke double jeopardy consequences, the very nature of probation is that it is a conditional sentence subject to revocation and the imposition of a further sentence upon breach of any of the conditions placed upon the grant or maintenance of probation. ***Commonwealth v. Colding***, 393 A.2d 404 (Pa. 1978). The resentencing of an offender upon revocation of probation does not constitute a second punishment for the offense giving rise to the probation, but is an integral element of the original conditional sentence of probation. ***See Commonwealth v. Pierce***, 441 A.2d 1218 (Pa. 1982); ***Colding***, *supra*; ***Vivian***, *supra*.

***Hunter***, 468 A.2d at 507 (citations modified); ***see also Commonwealth v. Mullins***, 918 A.2d 82, 85 (Pa. 2007); ***Commonwealth v. Johnson***, 967 A.2d 1001, 1005 (Pa. Super. 2009). Thus, it is quite clear that Colian's sentence, which was based upon the conceded violations of his probation, does not violate double jeopardy principles.

In his next argument, Colian would argue that the sentence imposed was harsh and excessive because it was based upon only technical violations of his probation. Such a claim implicates the discretionary aspects of Colian's sentence.

Challenges to the discretionary aspects of sentencing are not reviewable as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). Rather, an appellant challenging the discretionary aspects of his or her sentence must satisfy the following four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (some citations omitted).

We need not delve into the questions of whether Colian has presented a substantial question or, if he has, whether the trial court abused its discretion in fashioning the sentence, because Colian has not preserved this issue for our review. As noted earlier in the excerpt from *Evans*, Colian must preserve his claim either at sentencing or in a post-sentence motion. Colian has not done so. Colian did not argue at the *Gagnon II* hearing that his sentence was harsh or excessive in light of the technical violations upon which the sentence was imposed. Moreover, in his motion for reconsideration, Colian requested only that he be placed on house arrest instead of being incarcerated. He did not preserve the claim that the sentence itself was harsh or excessive. Thus, he has not met the second element of the test espoused in *Evans*. Consequently, his claim is meritless.

In his final claim, Colian would challenge his sentence based upon the fact that the sentence imposed fell outside of the relevant sentencing guideline range. This claim also implicates the discretionary aspects of

Colian's sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 364-65 (Pa. Super. 2005). However, once more, Colian did not preserve this issue before the trial court. Therefore, the claim is waived and is frivolous.

Finally, Colian has filed with this Court a response to counsel's ***Anders*** brief, in which he argues that he was entitled to be credited on the new sentence for the time that he has already served. A challenge to the trial court's failure to award credit for time served involves the legality of a sentence; such a claim can be raised at any time, and cannot be waived. ***Commonwealth v. Menezes***, 871 A.2d 204, 207 (Pa. Super. 2005). Recently, in ***Commonwealth v. Infante***, 63 A.3d 358 (Pa. Super. 2013), we discussed whether a defendant is entitled to credit for time served when he is being re-sentenced following a probation violation:

> [A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. In the context of sentencing after a probation revocation, the court must give due consideration to the time the defendant has spent serving probation, but the court is not required to credit the defendant with any time spent on probation. **Likewise, the defendant is not automatically granted "credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in excess of the statutory maximum**." [***Commonwealth v. Crump***, 995 A.2d 1280, 1284 (Pa. Super. 2010)].

***Infante***, 63 A.3d at 367 (emphasis added; some citations omitted).

Instantly, Colian pleaded guilty to possession with intent to deliver a controlled substance. Pursuant to 35 P.S. § 780-113(f)(1), the maximum

penalty for that crime is fifteen years. Colian originally was sentenced to twenty-one to forty-eight months in prison. On resentencing, he was sentenced to an additional twelve to forty-eight months. In the aggregate, the maximum amount of time that Colian could have spent in prison on these two charges is ninety-six months, *i.e.*, eight years. Because the aggregate of the two sentences would not exceed the statutory maximum of fifteen years, Colian would not be entitled to time credit automatically, as he now contends. **See Infante** and **Crump**, *supra*. Thus, this issue also has no merit.

Having reviewed counsel's **Anders/Santiago** brief carefully, we conclude that it complies with the technical requirements imposed by those precedents. We further find that counsel has taken all steps necessary to ensure that her client's interests are protected. We also have conducted an independent review of the record. Pursuant thereto, we have concluded that counsel's characterization and analysis of the record is accurate, and that no non-frivolous challenges to Colian's judgment of sentence will lie. Moreover, our review has revealed no other non-frivolous issues that merit consideration on appeal. Accordingly, we affirm Colian's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2015