Commonwealth ex rel. Champion, Appellant, *v.* Claudy.

144

Argued April 22, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Harold F. Reed, Jr.,* with him *Reed, Ewing & Ray* and *Leslie D. Champion,* appellant, in propria persona.

*J. L. Solomon,* with him *Richard P. Steward,* District Attorney, for appellee.

OPINION BY HIRT, J., July 17, 1952:

There is no merit in relator's contention in this habeas corpus proceeding that the court was without authority to impose the sentence on which he was committed. The order remanding him to custody will be affirmed.

On April 13, 1949, relator, with full understanding of the nature of the charge, pleaded guilty to assault with intent to ravish his minor daughter. In so doing he stated that he did not need counsel and he endorsed his plea on the indictment. Thereupon he was sen-

tenced to a term of 2½ to 5 years in the Western Penitentiary. On April 30, 1949, at the instance of relator's wife, the court made this order:". . . the sentence heretofore imposed is revoked as of this date and it is now ordered that the defendant be released on parole for the balance of the term to which he was originally sentenced, on condition that he pay the costs, be of good behavior in the future and totally abstain from the use of intoxicating liquor during the whole period of parole". The order as to revocation of the sentence was within the authority of the court because made during the same term in which the sentence was imposed. The effect of the order was to restore relator to the status of an unsentenced defendant convicted of crime. By revocation the previous sentence was expunged and ceased to exist as though never imposed.

Thereupon the relator became eligible to be placed on probation, in lieu of sentence, "for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed": Act of August 6, 1941, P. L. 861, §25, 61 PS §331.25. Imprisonment, not exceeding 5 years is the maximum sentence for assault with intent to ravish (under §722 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4722) and the period of probation as fixed by the court did not exceed the permissible maximum. It is unimportant that in the order the court released the defendant on "parole", rather than on probation. The use of the word was inadvertent for obviously an unsentenced defendant cannot be *paroled* under the law. A technical error in a docket entry is always subject to correction by the court that made it. *Commonwealth v. Meyer*, 169 Pa. Superior Ct. 40, 43, 82 A. 2d 298. The opinion of the court in the present proceeding acknowledges the error with this comment with which we agree: "We do not think our unfortunate choice of language

in using the word 'parole' instead of 'probation' infringed any of defendant's rights". We must consider the language of the order corrected to conform with the Act and the intent of the order. True, in the order of April 30, 1949, before placing relator on probation the court did not formally "suspend the imposing of sentence" but that is no longer necessary under the 1941 Act.

During June, 1950, relator violated the terms of his probation by excessive drinking and on July 6, 1950, the court in legal effect modified the order of April 30, 1949, by the addition of other terms and conditions to be observed by him. In June, 1951, relator committed sodomy. In a confession signed in the police station in Struthers, Ohio, he admitted the crime. In lieu of prosecution there for the offense, relator was returned to Beaver County, Pennsylvania, with his consent, as a violator of the terms of the probation order. And on August 9, 1951, when relator appeared in the lower court, the order of July 6, 1950, was revoked and he was "remanded to the custody of the sheriff to be delivered to the Western State Penitentiary to serve the term to which he was sentenced on April 13, 1949, credit to be given for fifty-nine days already served in jail". By reference, this was a sentence of from 2½ to 5 years less a credit of 59 days to be computed from August 9, 1951. The court subsequently resentenced relator but that sentence is of no effect because imposed in the relator's absence. Since relator in this proceeding questions the legality of his incarceration we are bound to accept the order of August 9, 1951, as the only lawful sentence imposed after the original sentence was revoked.

The parole section of the 1941 Act, supra, as amended, provides that a parole violator shall be given credit on his sentence for "the time served on parole in good

standing". The sections dealing with probation do not contain a similar provision. The relator here is not entitled to a similar credit on the term of his sentence for the period of good behavior prior to his violation of the probation order. An order placing a defendant on probation is not a sentence (Cf. *Com. ex rel. Paige v. Smith, Warden,* 130 Pa. Superior Ct. 536, 198 A. 812) and under the 1941 Act such credit in any event is allowable only on the term of a sentence imposed. Fifty-nine days spent in jail before sentence is the total credit to which this relator is entitled.

There are a number of irregularities in the various proceedings before the lower court. We might for that reason remit the record to the court below for re-sentencing of this relator whose guilt as to the charge is established beyond question. Cf. *Com ex rel. Paige v. Smith, Warden,* supra; *Com. ex rel. Flory v. Ashe, Warden,* 132 Pa. Superior Ct. 405, 1 A. 2d 685. In our view, however, the irregularities do not affect the validity of the only legal sentence imposed and a re-sentencing of this relator is not necessary under the circumstances.

Order affirmed.