Commonwealth ex rel. Leary, Appellant, *v*. Day.

Submitted March 25, 1955.   Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN,
JJ.

*Raymond Leary,* appellant, in propria persona.

*Paul R. Sand,* Assistant District Attorney, *Joseph
E. Pappano,* First Assistant District Attorney and
*Raymond R. Start,* District Attorney, for appellee.

OPINION BY HIRT, J., July 21, 1955:
On May 19, 1954 relator filed his petition in the
lower court for a "Writ of Error."   According to its
intent the petition was treated as an application for
a writ of habeas corpus for the correction of an alleged
error in his sentence for burglary and larceny under

which he was then confined in the Eastern State Penitentiary. In his petition he also complained that the lower court, in error, sentenced him to imprisonment in the county prison on his conviction of prison breach for a term to be computed from the expiration of his penitentiary sentence. He contends that under the law he is entitled to have both sentences run concurrently. Habeas corpus may be invoked for the correction of sentences which are not in conformity with the law. *Commonwealth ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 70 A. 2d 663. The writ was awarded and relator was present at the hearing thereon, with full opportunity to testify and to present his views on the legal issues involved. After full consideration of the facts as developed at the hearing the court remanded relator to custody in the penitentiary. The order will be affirmed.

The facts are not in dispute. On April 25, 1952 relator pleaded guilty to bill No. 48 June Sessions, 1952, charging burglary and larceny. He was sentenced the same day to the Delaware County Prison for a term of from six to eighteen months to be computed from April 1, 1952. He was released on parole on October 1, 1952, after serving his minimum sentence. On April 28, 1953 while still on parole he was recommitted to the county prison and was charged with various other criminal acts, among them, burglary and larceny in each of two bills, Nos. 329 and 330 June Sessions, 1953. He pleaded guilty to these charges and on June 17, 1953 was sentenced to the county prison on bill 329 for a term of not less than one and one-half nor more than three years to be computed from October 1, 1953, the date of the expiration of the maximum sentence imposed on bill 48, June Sessions, 1952. Sentence on bill 330 was suspended. On June 20, 1953, relator escaped from the county prison but was apprehended

almost immediately and was charged to No. 60 September Sessions, 1953, with prison breach. He pleaded guilty to the charge and at the same time requested the court to change the sentence on bill 329 to imprisonment in the Eastern State Penitentiary instead of in the county prison as previously imposed. Pursuant to this request Judge BRETHERICK set aside the prior sentence and resentenced relator on bill 329 to imprisonment in the above penitentiary but increased the penalty to imprisonment for a term of from two to four years from April 28, 1953. Relator was then sentenced on bill 60, for prison breach, to undergo imprisonment in the county prison for one year.

There is no merit in relator's contention that when the original sentence for a term of one and one-half to three years was set aside and relator was resentenced on bill 329 the court lacked the power to increase the term of imprisonment to from two to four years. Both sentences were within the June term of the court in 1953. As to the place of commitment the resentencing was at relator's request and the court, during the term at which he was convicted, had the authority to increase the punishment originally imposed. *Commonwealth v. Peterson,* 172 Pa. Superior Ct. 341, 94 A. 2d 582. Cf. *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 217, 82 A. 2d 244.

Relator in his petition concedes that he was obliged to serve the balance of one year of the maximum prison sentence on bill 48 because of his parole violation. But there is no merit in his contention that the sentence of imprisonment for one year, imposed on bill 60 for prison breach, under the law must run concurrently with the sentence on bill 329. The applicable statute is §309 of The Act of June 24, 1939, P. L. 872, 18 PS §4309, which in essentials is a rescript of §3 of The Act of March 31, 1860, P. L. 382. Both acts provide

in almost identical language that a person imprisoned upon a conviction for a criminal offense who shall break prison shall be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to undergo an imprisonment, "to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned." This language was construed in *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 291, 199 A. 185, thus: "It does say that the sentence for escape is 'to commence from the expiration of his original sentence,' but the obvious meaning of this is that the sentence is to be served *after* his original sentence is served. It does not mean that he must begin to serve the sentence for escape on the very day his original sentence expires, if at that time he is about to begin serving *another* sentence previously imposed on him. The Commonwealth is concerned only with seeing to it that a prisoner who escapes is penalized for doing so. The exact date on which he *begins* to pay the penalty is of no importance."

Accordingly the court on resentencing relator on bill 329 in changing the effective date of the sentence to April 28, 1953, the date of his arrest and commitment on the charge, did nothing more than to change the order of service of the various sentences which relator is obliged to serve. The sentencing judge has indicated that relator will first serve the sentence in the Eastern Penitentiary on bill 329 followed by imprisonment in the Delaware County Prison for one year of the maximum sentence on bill 48, unserved at the time of his parole violation.[1] At the expiration

---

[1] Sentence on bill 329 to commence after service of "back time" for parole violation on bill 48 would have been more appropriate but the order of service indicated by the sentencing judge does not affect the result in this case.

of service of "back time" on bill 48 relator then will serve his sentence of one year on bill 60 for prison breach. The "original sentence" in this case at the time of relator's escape was on bill 48. The sentence on bill 60 in its appropriate order, is to be served "after his original sentence is served." Thus the statutory requirement under the ruling of the *McGinnis* case has been observed as to the sentence of relator for prison breach.

Order affirmed.

ERVIN, J., took no part in the consideration or decision in this case.