# Commonwealth v. Baxter

David Kanner, for petitioner.

James F. Doud, Assistant District Attorney, contra.

SPORKIN, J., July 7, 1958.—Defendant's petition seeks to vacate a sentence for the unlawful and felonious use of drugs imposed in connection with bill no. 964, as of November term, 1954. Defendant contends that the court lacked the authority to revoke its prior suspension of sentence on the bill and to commit defendant to the Philadelphia County Prison for a term of 18 months to three years.

The facts are not in dispute. Defendant, John C. Baxter, was indicted in the Court of Quarter Sessions of Philadelphia County on bills of indictment no. 163, April term, 1954 and no. 964, November term, 1954, charging the unlawful use of drugs. On January 14, 1955, defendant pleaded guilty to both bills. Defendant was placed on probation for three years on bill no. 163 and sentence was suspended as to bill no. 964. Thereafter, on November 15, 1955, and during defendant's probation period, defendant was indicted on bills no. 291 and no. 292, November term, 1955, charging

defendant with the possession and sale of drugs, and conspiracy. On December 20, 1955, defendant was adjudged guilty on bill no. 291 and sentenced to a term of not less than 18 months nor more than three years in the Philadelphia County Prison, and was found not guilty on bill no. 292.

The conviction on bill no. 291 constituted a clear violation of the conditions of defendant's probation, and accordingly on January 19, 1956, this court revoked probation on bill no. 163 of April term, 1954, and sentenced defendant to the Philadelphia County Prison for a term of 18 months to three years. Our authority to do this, under the circumstances of the case, is not questioned by defendant. See Commonwealth ex rel. Champion v. Claudy, 171 Pa. Superior Ct. 143 (1952). On the same date, however, we revoked the suspension of sentence on bill no. 964 of November term, 1954, and sentenced defendant to an additional term of 18 months to three years, the latter sentence to commence after the expiration of the sentence imposed for the violation of probation. It is this latter sentence which defendant attacks.

Defendant contends that the court had no authority to impose a sentence in excess of three years because, upon defendant's plea of guilty on bills no. 163 and no. 964 on January 14, 1955, we sentenced defendant to a three year probationary term on bill no. 163 and suspended sentence on bill no. 964. Hence, defendant concludes that the maximum sentence of three years was fixed on January 14, 1955, and must not thereafter be enlarged by the court.

The situation would be different if, upon accepting defendant's plea of guilty on the first two bills, we had fixed probation for three years on each bill and had indicated that the total probationary period was to be so limited. That was not what we did, however.

Obviously, we have the right to revoke probation and impose sentence for any violation of the terms of probation. "The suspension of sentence is not, in Pennsylvania, a final judgment, nor is it equivalent to a nolle prosequi or discontinuance by which the case is put out of court, but is a mere suspending of active proceedings in the case, and the court may after the expiration of the term bring in the defendant and impose the sentence authorized by law": Commonwealth v. Carelli, 90 Pa. Superior Ct. 416 (1927), at pages 418, 419.

Hence, once the violation was established, we could impose sentence on the bill for which probation had been granted, and also revoke the suspension of sentence. We are mindful that sentence cannot be suspended for an unreasonable length of time. In imposing sentence theretofore suspended, we were well within the limitation for such action established by the Supreme Court of Pennsylvania in Commonwealth ex rel. Wilhelm v. Morgan, 278 Pa. 395 (1924), which holds that the period of suspension cannot exceed the maximum term to which defendant could have been sentenced.

Defendant's action misconstrues the purposes of the statutes which provide for probation and suspension of sentence. These statutes are intended to provide effective means for exercising discretion in sentencing. They are not intended to defeat the ultimate aims of the sentencing process. Probation and suspension of sentence differ in that probation is imposed in lieu of sentence, whereas suspension of sentence is a postponement of any action. It is clear that initially we could have sentenced defendant to the term we subsequently imposed for violation of probation. Instead of so doing, however, we gave defendant an opportunity to rehabilitate himself. Within a year, he was again adjudged

guilty, this time for the sale of drugs, a more serious crime than his prior offense of using drugs.

For the above reasons we denied defendant's petition to revoke sentence imposed on bill no. 964, November term, 1954.