**UNITED STATES ex rel. Frank L. FERRARI, Relator-Appellant,**

v.

**Robert J. HENDERSON, Superintendent, Auburn Correctional Facility, Respondent-Appellee.**

No. 567, Docket 72–2233.

United States Court of Appeals, Second Circuit.

Argued Jan. 30, 1973.

Decided Feb. 23, 1973.

Meredith M. Brown, New York City (Debevoise, Plimpton, Lyons & Gates, New York City, of counsel), for relator-appellant.

Ilene J. Slater, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. and Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Before ANDERSON, FEINBERG and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal from an order dated January 21, 1972 of the United States District Court for the Western District of New York, Hon. Harold P. Burke, District Judge, which denied the relator's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 30, 1972, this court granted appellant's motion for a certificate of probable cause, for leave to proceed in forma pauperis and for the assignment of counsel.

The appellant Ferrari was indicted on June 17, 1966 in Monroe County, New York, for two separate burglaries. Under Indictment No. 250 appellant and two others were charged with two counts of burglary in the first degree and one count of petit larceny in violation of the former New York Penal Law. The incident involved the breaking and entering of a dwelling in the night time, armed with a gun, while there were occupants within. After a jury trial, the appellant was convicted on all counts.

On the day of sentencing, January 12, 1967, appellant pleaded guilty to Indictment No. 251 which charged him and the same two confederates with burglary in the third degree and grand larceny in the first degree, in violation of the Penal Law of the State of New York. This incident, involving the breaking and entering of a store and the larceny of some $2500 in cash and clothing, was committed in a different town three days after the first burglary, and involved different victims. There is no question that these were separate transactions and that indictments 250 and 251 charged separate and unrelated crimes.

Hon. John J. Conway, the County Court Judge who had presided at Ferrari's trial, first sentenced the appellant for the crime charged in Indictment No. 251. As a second felony offender, Ferrari received a sentence of 5 to 15 years' imprisonment. As to Indictment No. 250, he was given a suspended 15 to 30 year sentence on one count of first degree burglary. Sentence was suspended on the remaining two counts of that indictment. The 15 year minimum sentence was mandatory under section 1941(1) of the former Penal Law since Ferrari had been previously convicted of burglary in third degree, and Judge Conway had imposed a three year suspended sentence on him in 1964.

Ferrari successfully attacked his conviction under Indictment No. 251 in a New York State habeas corpus proceeding on the theory that his plea had been stricken prior to the imposition of sentence. On June 27, 1968 the assistant district attorney moved for the dismissal of Indictment No. 251 on the ground that the only inculpatory evidence was the defendant's confession which was deemed inadmissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The prosecutor immediately moved for the resentencing of Ferrari under Indictment No. 250. Resentencing under this indictment was mandated since the suspended sentence initially imposed by Judge Conway was illegal under section 2188(c) of the former Penal Law which provided that a sentence may not be suspended if the conviction was for a felony committed with a weapon. Judge Conway resentenced Ferrari to a term of 15 to 30 years' imprisonment on the first count, a suspended sentence of 15 to 30 years on the second count and a suspended sentence on the third count.

Appellant appealed the resentencing procedure but the Appellate Division, Fourth Department, affirmed without opinion. (People v. Ferrari, 31 A.D.2d 890, 299 N.Y.S.2d 122 (1969)), and on April 1, 1969 leave to appeal to the Court of Appeals was denied. Appellant had also appealed his actual conviction under Indictment No. 250, but this conviction was affirmed on December 4, 1969. (People v. Ferrari, 33 A.D.2d 893, 308 N.Y.S.2d 325 (4th Dep't 1969)) and leave to appeal was denied on March 20, 1970. Appellant then sought a writ of habeas corpus in the state courts alleging that his resentencing under Indictment No. 250 violated his right against double jeopardy and denied him due process of law. By order entered on March 13, 1970 Justice Blauvelt, Supreme Court, Cayuga County, denied the application on the merits. This order was affirmed on October 22, 1970 (People ex rel. Ferrari v. Deegan, 35 A.D.2d 781 (4th Dep't 1970)) and permission to appeal to the Court of Appeals was denied on December 9, 1970.

Appellant's next step was to seek habeas corpus relief in the United States District Court for the Western District of New York, which relief was denied by the order of Judge Burke which is appealed here.

■■ On appeal principal reliance is placed on the argument raised in the state courts and below that appellant was denied due process by being resentenced to a prison term in place of the suspended sentence. The theory of appellant is that Judge Conway's resentencing was prompted by his vindictiveness against Ferrari who had successfully attacked his conviction under Indictment No. 251 in the state habeas corpus proceeding. The authority relied upon is North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), where the Supreme Court announced:

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 725–726, 89 S.Ct. at 2080–2081 (footnote omitted).

The rationale of *Pearce* is patent. A defendant is entitled to attack his conviction without fear of retaliation by the judge's imposition of a harsher sentence on retrial. The inapplicability of *Pearce* to this case is evident. After Ferrari successfully attacked his conviction under Indictment No. 251, the charge was dismissed by Judge Conway on the motion of the assistant district attorney because his confession was inadmissible under *Miranda*. This was hardly evidence of malice. The assistant district attorney then moved to resentence Ferrari under Indictment No. 250. This motion had to be granted since the suspended sentence for the armed burglary was illegal under then section 2188(c) of the Penal Law. Judge Conway had no alternative and the record clearly indicates this as his first reason for revoking the suspended sentence. Moreover, the initial 15 year minimum sentence

was, as we have pointed out, mandated by statute. In short, Judge Conway exercised no discretion and his action cannot be termed retaliatory. In Tipton v. Baker, 432 F.2d 245 (10th Cir. 1970), which appellant urges is closely in point, the court indicated that it doubted that due process would be violated if the higher sentence involved no exercise of the court's discretion, but was the result of a requirement of law. 432 F.2d at 249–250.

Appellant urges that this first announced reason of the court is really a "makeweight" and argues in his reply brief "Indeed, it is entirely likely that the sentencing judge knew of the possible illegality of the suspended sentence all along, but did not wish to raise the point unless and until appellant challenged his other conviction." (footnote omitted) While ardor in behalf of a client *is commendable*, in this case the Machiavellian conduct suggested on the part of this respected jurist is insupportable and illogical. Judge Conway could have sentenced Ferrari to 15 to 30 years in jail under Indictment No. 250 in the first place—in fact it was mandated. His sentencing him to the lesser term of 5 to 15 years' imprisonment under Indictment No. 251 was assuredly an act of benevolence not malevolence. To suggest now that it was all a clever ploy to keep Ferrari from attacking his conviction, is in the mildest possible terms, totally incredible.

Judge Conway further announced that his second reason for resentencing Ferrari to a jail term was that he had originally suspended the sentence because the defendant was simultaneously sentenced to imprisonment for another burglary, but that guilty "plea turned out to be an invalid plea." This of course merely states the obvious—Judge Conway would not have suspended sentence if Ferrari was not to go to jail at all. The belief of a judge, that a defendant whose sentence for burglary he had suspended three years before, who had not been found guilty by a jury of an armed burglary and larceny, and who had pleaded

guilty to another separate burglary, should spend time in prison is hardly to be characterized as "vindictive" or "retaliatory." This, in combination with the unquestioned fact that the suspended sentence was illegal and the sentence later imposed was mandated, convincingly demonstrate that there are no *Pearce* due process problems here.

■ Appellant next argues that the resentencing under Indictment No. 250 constitutes a violation of his Fifth Amendment right against double jeopardy. We find no double jeopardy problem here since the correction of an illegal sentence by the imposition of a legal sentence, even when this increases punishment, cannot be considered as multiple punishment for the same offense. Bozza v. United States, 330 U.S. 160, 166–167 & n. 2, 67 S.Ct. 645, 91 L.Ed. 818 (1947); United States v. Solomon, 468 F.2d 848, 852 n. 8 (7th Cir. 1972); United States v. Evans, 459 F.2d 1134, 1136 (D.C.Cir. 1972). Appellant also contends that his imprisonment under Indictment No. 251 was in effect a punishment for both burglaries since the sentencing was a "package deal" and therefore the resentencing under Indictment No. 250 constitutes an impermissible increase of sentence on a term he had already begun to serve. Appellant offers no authority for this proposition. Ferrari's sentence to imprisonment was specifically and unambiguously for his burglary third conviction under Indictment No. 251 and not for the separate and unrelated crimes under Indictment No. 250 where the heavier sentence was improperly suspended.

■ Appellant's final point is that having served time from January 12, 1967 until June 27, 1968 in State prison for the crime charged in Indictment No. 251, the time served should be credited toward his sentence under Indictment No. 250. The procedural difficulty for the court is, as the respondent State of New York points out, that the appellant has not raised this point in the State Court or indeed in the court

below. He cannot appropriately raise it here for the first time. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); United States ex rel. Nelson v. Zelker, 465 F.2d 1121, 1123–1125 (2d Cir. 1972). We suggest that he address this argument, which has strong equitable appeal, to the State Court.

Affirmed.