393 A.2d 404

**COMMONWEALTH of Pennsylvania**

v.

**Ernest COLDING, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1977.

Decided Oct. 5, 1978.

Defender Assn. of Phila., Benjamin Lerner, Defender, John W. Packel, Asst. Public Defender, Chief, Appeals Div., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Stephen Seeling, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

POMEROY, Justice.

On December 12, 1972, appellant Ernest Colding entered a plea of guilty to a charge of aggravated robbery before the Honorable Calvin C. Wilson of the Court of Common Pleas of Philadelphia County and was sentenced to

imprisonment for a term of "time in to four years"[1] and to make restitution to the victim. On December 15, 1972, a hearing was held to reconsider sentence. Judge Wilson thereafter "vacated" the sentence of December 12 and placed appellant on four years probation with the condition of restitution.[2] On May 7, 1974, Colding pleaded guilty to various criminal charges and, as a result, a hearing was held on May 10, 1974 to determine whether the conditions of probation had been violated and whether probation should be revoked.[3] At that hearing, the trial court found a violation and thereafter revoked probation. A sentence of one and one-half to three years was then imposed.

Appellant appealed the new sentence to the Superior Court which (two judges dissenting) affirmed the judgment of sentence. *Commonwealth v. Colding,* 237 Pa.Super. 612, 352 A.2d 554 (1975). We granted Colding's petition for allowance of appeal[4] and now affirm.

1.  Both parties to the instant appeal agree that "time in" was two months and seven days at the time of sentencing.

2.  The record does not indicate whether either party petitioned for reconsideration of the December 12 sentence nor is it even clear whether appellant or his counsel was present at the December 15 hearing. Reconsideration of a sentence should, of course, take place only following notice to all parties and an opportunity to be heard. *See* the Act of June 1, 1959, P.L. 342, No. 70, § 1, 12 P.S. § 1032; *Commonwealth v. Yoder,* 249 Pa.Super. 389, 378 A.2d 350 (1977); *Commonwealth v. Horsman,* 239 Pa.Super. 534, 361 A.2d 433 (1976). In the case at bar, however, neither the vacation of the December 12 sentence nor the propriety of the December 15 grant of probation are challenged and their validity is not at issue in this appeal. Cf. *Commonwealth v. Houser,* 232 Pa.Super. 384, 334 A.2d 691 (1975).

3.  *See* Section 4 of the Act of June 19, 1911, P.L. 1055, as amended, 19 P.S. § 1055, which provides:
    "Whenever a person placed on probation, as aforesaid, shall violate the terms of his or her probation, he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation, which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct."

4.  *See* the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1977).

The sole issue raised here, as below, is whether the sentence of one and one-half to three years imposed following the revocation of probation was violative of the double jeopardy provision of the Fifth Amendment of the Constitution of the United States.[5] That clause protects against the imposition of multiple punishments for a single offense. See *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Commonwealth v. Foster,* 229 Pa.Super. 269, 324 A.2d 538 (1974). Appellant does not argue that imposition of a prison sentence following a grant of probation constitutes multiple punishment, for we have previously held that probation is conditional in nature, subject to revocation and the imposition of a term of imprisonment upon a breach of its conditions. *Commonwealth v. Vivian,* 426 Pa. 192, 231 A.2d 301 (1967). Rather, it is Colding's contention that the original sentence of December 12, 1972, although "vacated," is the bench mark against which any later sentence must be measured. So viewing the matter, the sentence imposed following the revocation of probation constituted a second, harsher punishment.[6] We disagree.

The starting point of our analysis must be the conditions under which the courts of this state may impose probation upon criminal offenders. Generally, such authority is found in two statutory provisions. The Act of June 19, 1911, P.L. 1055, § 1, *as amended,* 19 P.S. § 1051, provides for suspending the imposition of sentence and the placing of a defend-

5. The double jeopardy prohibition of the Fifth Amendment has been held applicable to the States through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

6. Actually, appellant's maximum period of incarceration was reduced from four years imposed on December 12, 1972 to three years imposed by the new sentence. But, since the Act of August 6, 1941, P.L. 61, § 21, 61 P.S. § 331.21 conditions eligibility for parole upon the completion of the minimum sentence, appellant maintains that enhancement of that portion of his sentence from two months and seven days to eighteen months increased six-fold his minimum period of imprisonment and therefore is "harsher." In light of our holding, *infra,* that there exists but one legally effective sentence, *Commonwealth v. Brown,* 455 Pa. 274, 276, 314 A.2d 506, 508 (1974), we need not resolve this issue.

ant on probation for a definite period.[7] In contrast, the Act of August 6, 1941, P.L. 861, § 25, 61 P.S. § 331.25, allows a court to impose probation in lieu of sentencing.[8] The effect of this distinction for double jeopardy purposes has been correctly explicated by the Superior Court:

"If a defendant is sentenced, but the judge chooses to suspend sentence pending a period of probation, the trial judge may re-sentence the defendant if he violates that

7. That act provides:

"Whenever any person shall be convicted in any court of this Commonwealth of any crime, except murder, administering poison, kidnapping, incest, sodomy, buggery, rape, assault and battery with intent to ravish, arson, robbery, or burglary, and it does not appear to the said court that the defendant has ever before been imprisoned for crime, either in this State or elsewhere (but detention in an institution for juvenile delinquents shall not be considered imprisonment), and where the said court believes that the character of the defendant and the circumstances of the case such that he or she is not likely again to engage in an offensive course of conduct, and that the public good does not demand or require that the defendant should suffer the penalty imposed by law, the said court shall have power to suspend the imposing of the sentence, and place the defendant on probation for a definite period, on such terms and conditions, including the payment of money for the use of the county, not exceeding, however, the fine fixed by law for conviction of such offense, as it may deem right and proper; said terms and conditions to be duly entered of record as a part of the judgment of the court in such case. No such condition for the payment of money shall be considered as the imposition of a fine or a sentence nor prevent the court from thereafter sentencing any defendant under the act under which he or she was convicted, upon violation of his or her parole."

The Act of 1911, with the exception of language relative to the imposing of fines, substantially reiterates the language of an earlier act, still on the books, the Act of May 10, 1909, P.L. 495, § 1, 19 P.S. § 1081.

8. The Act provides:

"Whenever any person shall be found guilty of any criminal offense by verdict of a jury, plea, or otherwise, except murder in the first degree, in any court of this Commonwealth, the court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good does not demand or require the imposition of a sentence to imprisonment, instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment al-

probation. The maximum period of the re-sentence is limited, however, to the maximum term under which the defendant was originally sentenced. Our Supreme Court has held that a 'modification of a sentence imposed on a criminal defendant which increases the punishment constitute[s] further or double jeopardy.' *Commonwealth v. Silverman*, 442 Pa. 211, 215, 275 A.2d 308 (1971); see also *Commonwealth v. Davy*, 218 Pa.Super. 355, 280 A.2d 407 (1971).

"The instant case does not involve a situation where appellant was re-sentenced after a suspended sentence. By exercising the statutory option of imposing a period of probation in lieu of sentencing, the court defers sentencing a defendant to a fixed term of imprisonment until such time as the defendant has violated the conditions of his probation. In other words, the setting of the term of probation is not a term of sentence, and may not act as a limitation on the court to impose a sentence for a term of years greater than the probationary period, not in excess of the maximum fixed by law for the particular offense. The sentence imposed by the court in the instant case—a period of imprisonment of not less than three years nor more than ten years—was within the court's power as authorized by law. It was not a violation of the double jeopardy clause to sentence the appellant to the maximum prison sentence allowable at the time of the original sentencing." *Commonwealth v. Cole*, 222 Pa.Super. 229, 231–232, 294 A.2d 824, 825–826 (1972) (footnotes omitted). See also *Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943).

In the case at bar, the Superior Court held that for the purposes of reimposition of sentence following a revocation of probation, "the effect of vacating a sentence is indistinguishable from cases in which a definite sentence is suspended," 237 Pa.Super. at 615, 352 A.2d at 555. Thus, the court held that by vacating the original sentence and imposing

lowed by law for the offense for which such sentence might be imposed."

probation in the instant case, the trial court was foreclosed, when probation was later violated, from imposing a sentence which was more severe than the original one.[9] We do not agree.

At common law, courts of this State had the power to "vacate" a judgment of sentence and to impose a new sentence, even if more severe, so long as such action took place within the same term of court as did the original sentencing. *Commonwealth v. Mackley,* 380 Pa. 70, 110 A.2d 172 (1955); *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A.2d 244 (1951); *Commonwealth ex rel. Billman v. Burke, Warden,* 362 Pa. 319, 66 A.2d 251 (1949); *Commonwealth ex rel. Leary v. Day,* 178 Pa.Super. 583, 116 A.2d 333 (1955), *cert. denied* 350 U.S. 1008, 76 S.Ct. 653, 100 L.Ed. 869 (1956); *Commonwealth ex rel. Champion v. Claudy,* 171 Pa.Super. 143, 90 A.2d 638 (1952). This power is now statutorily recognized, and has been extended to a period of thirty days following the date of the judgment or sentence where the term of court ends before expiration of the thirty day period.[10] See *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971); *Commonwealth v. Gallagher,* 200 Pa.

**9.** The Superior Court went on to conclude that an increase in the minimum sentence does not constitute a more severe punishment for double jeopardy purposes. As discussed *supra,* n.6, we need not reach this question.

**10.** That statute, the Act of June 1, 1959, P.L. 342, No. 70 § 1, 12 P.S. § 1032, provides:

"In any civil, criminal or equitable proceeding in which the court has heretofore been vested with the power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, any order, decree, judgment or sentence only during the term of court in which the order, decree, judgment or sentence, was entered of record, the court, in addition to such power, jurisdiction and authority, shall hereafter have the same power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, the order, decree, judgment or sentence for a period of thirty days subsequent to the date of entering of record the order, decree, judgment or sentence, in any instance where the term of court shall terminate prior to such thirty day period: Provided, That all parties in interest, including the district attorney in criminal cases, are notified in advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or rescission."

Super. 136, 186 A.2d 842 (1962). The power of a court to "vacate" a judgment or sentence in a proper case is thus clear; the only question is what is the effect of an order which vacates a sentence. We think the Superior Court put it well in a case similar to the one at bar:

> "The order as to revocation of the sentence was within the authority of the court because made during the same term in which sentence was imposed. The effect of the order was to restore relator to the status of an unsentenced defendant convicted of crime. By revocation the previous sentence was expunged and ceased to exist as never imposed." *Commonwealth ex rel. Champion v. Claudy,* 171 Pa.Super. 143 at 145, 90 A.2d 638 at 639 (1952).

We hold, then, that the effect of such an order of vacation is to render the vacated sentence void and a nullity; [11] the slate is wiped clean and the court is free to sentence, subject to the caveat noted hereafter.

A cautionary word is advisable at this point, *viz.,* that our holding today does not invest a trial court with unfettered power to vacate sentence and impose a more severe penalty. As we have previously held, such a practice is invalid as violative of the Double Jeopardy Clause of the federal constitution. *Commonwealth v. Brown,* 455 Pa. 274, 314 A.2d 506 (1974); *Commonwealth v. Allen,* 443 Pa. 96, 277 A.2d 803 (1971); *Commonwealth v. Silverman, supra.* The present case does not run afoul of this admonition. Upon timely vacating the original sentence of December 12, 1972 which called for incarceration the court imposed a lesser sentence whereunder defendant could be at large, *i. e.,* probation. The issue then is whether a previously vacated sentence which is replaced by probation puts any limitation upon a trial court should the probation later be revoked due

11. *See* Black's Law Dictionary (Revised 4th ed.) which defines "vacate" as "To annul; to set aside; to cancel or rescind; to render an act void; as to vacate an entry of record or a judgment." Similarly, Webster's New International Dictionary (2nd ed.) defines "vacate" as "To annul; to make void; to make of no authority or validity; as to vacate a charter. . . ." Although the Act of 1959, *supra,* n.10, does not employ the word "vacate," it does use its synonym, "rescind."

to violation of its terms and the defendant subjected to resentencing. In answering this question we find the decision of the Supreme Court of the United States in *North Carolina v. Pearce, supra,* instructive. The Supreme Court there held that where a conviction is reversed and vacated upon appeal, neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe penalty upon reconviction. The Court went on to conclude, however, that where a more severe sentence is imposed following reconviction, the reasons for the enhancement, based upon " . . . identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670, must affirmatively appear in the record. See also *Commonwealth v. Allen, supra.*

We believe the *Pearce* rationale is applicable to the case at bar. Like the *Pearce* Court, we perceive no double jeopardy prohibition against imposition of a sentence which is more severe than that originally vacated[12] when a intervening sentence of probation has been violated. This conclusion flows logically from the initial premise that a "vacated" sentence is of no legal effect. Moreover, any fear that a possibility of enhanced punishment will chill a defendant's option to seek modification of a sentence pursuant to 12 P.S. § 1032, *supra,* n.10, is offset by a requirement that any such enhancement be justified by the defendant's conduct subsequent to the original sentencing.

In summary, the case at bar presents a sentence validly vacated, *see* n.2 *supra,* and replaced by a lesser sentence in the form of probation. It was only following a violation of

12.  Cf. *Mitchell v. United States,* 482 F.2d 289 (5th Cir. 1973) (sentence vacated because of improper considerations; no limit upon resentencing other than legal maximums); *United States ex rel. Ferrari v. Henderson,* 474 F.2d 510 (2nd Cir. 1973) (defendant's suspended sentence held to violate sentencing statute; resentence of incarceration not violative of double jeopardy); *Tipton v. Baker,* 432 F.2d 245 (10th Cir. 1970) (sentence set aside at defendant's behest; imposition of harsher sentence not violative of double jeopardy).

probation by fresh criminal conduct that the court meted out a penalty arguably more severe than the original one. In these circumstances we see neither a double jeopardy problem nor the possibility that a defendant's opportunity to seek modification of a sentence will be chilled by our holding. Cf. *North Carolina v. Pearce, supra.* Appellant's contentions to the contrary must be rejected.

Order affirmed.

NIX, J., concurs in the result.

MANDERINO, J., filed a dissenting opinion in which ROBERTS, J., joins.

PACKEL, former J., did not participate in the consideration or decision of this case.

MANDERINO, Justice, dissenting.

I dissent. The appellant in this case was originally sentenced to imprisonment for a term of "time in to four years." The appellant's "time in" was two months and seven days. Thus, the sentence imposed was, in effect, two months and seven days to four years. Three days after imposing the above sentence the trial judge "vacated" the sentence and placed appellant on four years probation. When appellant violated his probation, he was resentenced to one and a half to three years imprisonment.

The majority concedes, in endorsing *Commonwealth v. Cole,* 222 Pa.Super. 229, 294 A.2d 824 (1972), that under the law in Pennsylvania had the appellant been sentenced to imprisonment and that sentence been "suspended," and appellant placed on probation, he could only be given the original sentence of imprisonment following a violation of probation. Because, however, the trial court after ordering imprisonment did not "suspend" the sentence but rather "vacated" the sentence before placing appellant on proba-

tion, the consequences are different. I cannot subscribe to this semantic distinction. On this point, the Superior Court unanimously refused to find any difference between *suspending* and *vacating* a sentence of imprisonment for probation purposes. *See Commonwealth v. Tomlin,* 232 Pa.Super. 147, 150, 336 A.2d 407, 409 (1975), which is directly in point and is not discussed in the majority opinion.

Because of the majority's conclusion that appellant's original sentence of time in to four years was a nullity, it avoided the issue of whether increasing a defendant's *minimum* sentence on resentencing constitutes a harsher sentence in violation of the double jeopardy clause. At 406 n.6. While it is true that a minimum sentence serves the sole purpose of informing parole authorities with notice of the prisoner's eligibility for parole, *see* 61 P.S. § 331.21 (1964); *Commonwealth v. Brown,* 455 Pa. 274, 314 A.2d 506 (1974) (concurring opinion of Roberts, J.), increasing the minimum sentence increases the length of a prisoner's minimum incarceration and therefore violates a prisoner's double jeopardy rights.

Appellant's minimum sentence was increased from a little over two months to eighteen months. I agree with appellant that a sentence that *requires* a defendant to spend at least eighteen months in jail is harsher than a sentence which required a defendant to spend slightly more than two months in jail. The opportunity for parole is an important interest, *see Commonwealth v. Butler,* 458 Pa. 289, 328 A.2d 851 (1974), and to postpone its availability obviously constitutes a more severe punishment than that originally meted out. This common sense reality is not altered by the fact that the maximum sentence was shortened from four years to three years. *See Commonwealth v. Colding,* 237 Pa.Super. 612, 352 A.2d 554, 558–60 (1975) (Spaeth & Hoffman, JJ., dissenting). I respectfully dissent.

ROBERTS, J., joins in this dissenting opinion.