J-E01002-18 & J-E01003-18

2018 PA Super 283

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH FIELDS | |
| Appellant | No. 1069 WDA 2016 |

Appeal from the Judgment of Sentence Entered April 5, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0004803-2012,
CP-02-CR-0004806-2012

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GERALD HOWARD DAVIS, JR. | |
| Appellant | No. 445 WDA 2016 |

Appeal from the Judgment of Sentence Entered February 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0004831-2012,
CP-02-CR-0004834-2012

BEFORE:  BENDER, P.J.E., PANELLA, SHOGAN, LAZARUS, OLSON, STABILE, DUBOW, KUNSELMAN, and MURRAY, JJ.

OPINION IN SUPPORT OF AFFIRMANCE BY STABILE, J.:

**FILED OCTOBER 17, 2018**

I concur fully with the Majority's conclusions that a) section 9543 of the PCRA[1] is not a jurisdictional provision, but rather an eligibility for relief provision[2], b) section 9545 is the jurisdictional provision under the PCRA, and c) this Court's statement in **Commonwealth v. Ahlborn**, 683 A.2d 632 (Pa. Super. 1996)(*en banc*), *aff'd by* **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997), that the "currently serving" requirement under section 9543 to hear a PCRA petition is jurisdictional, was in error. I respectfully dissent however, from the Majority's view that Appellants Fields and Davis waived their claims for review because they appealed only from their resentencing orders and not from the orders vacating their original judgments of sentence,

_____

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] It long has been settled that the ability of a court to hear or adjudicate a controversy and the power to grant relief are separate and distinct questions. **Beltrami Ent. v. Dept. of Environmental Resources**, 632 A.2d 989 (Pa. Cmwlth. 1993). A court may have jurisdiction to hear a claim

> [E]ven though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he failed to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, nor any or all of the circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation.

**Id.** at 993, *citing* **Sperry & Hutchinson Co. v. O'Connor**, 412 A.2d 539, 541 (Pa. 1980)(quoting **Studio Theatres, Inc. v. City of Washington**, 209 A.2d 802, 804 (Pa. 1965).

and that they otherwise waived their claims by presenting them for the first time on appeal. Consequently, I would reach the merits of Appellants' claims, and in doing so, would affirm the resentencing orders of the trial court.

Both Appellants filed Amended PCRA petitions contending they were entitled to be resentenced as a result of the ineffectiveness of their trial counsel who failed to challenge certain mandatory minimum sentences. These mandatory minimums were imposed by the trial court for several robbery convictions among a multitude of other crimes to which they pled.[3] The PCRA court, by orders dated February 19, 2016 and April 5, 2016, for Davis and Fields respectively, granted the PCRA relief requested to vacate the judgments of sentence in their entireties and imposed new judgments of sentence, implicitly if not expressly acknowledging that the sentencing errors upset the original sentencing schemes. Upon resentencing, the trial court imposed lesser aggregate terms of 17 to 40 years' incarceration upon Davis and 17 to 50 years' incarceration upon Fields. In Davis' case, his resentence included 1 to 2 years of incarceration each for carrying a firearm without a license[4] and

---

[3] Davis was charged with 25 and 29 counts under criminal information No.'s CP-02-CR-00004831-1212 and CP-02-CR-00004834-1212, respectively. Fields was charged with 48 and 29 counts under criminal information No.'s CP-02-CR-00004803-1212 and CP-02-CR-00004806-1212, respectively.

[4] 18 Pa.C.S.A. § 6106(a)(1). The Majority incorrectly states this conviction as being from one count of possession of a firearm, a different crime codified at 18 Pa.C.S.A. § 6105(a)(1).

for one count of REAP. Davis' original sentence imposed a determination of guilty without further penalty for these crimes. In Fields' case, his resentence included incarceration for multiple counts for which he already served his time under his original judgments of sentence or for which he received a determination of guilty without further penalty.[5] Appellants each filed timely appeals from their new judgments of sentence. Neither appealed from the orders granting PCRA relief to vacate their original sentences.

In my opinion, Appellants properly appealed from the resentencing orders to challenge whether the trial court could again sentence them on counts for which they already served their time or for which they received a determination of guilt without further penalty. In my opinion, Appellants could not appeal from the orders granting their PCRA relief vacating their original judgments of sentence as held by the Majority, as they were not aggrieved parties under those orders. I therefore disagree with the Majority that Appellants waived their claims by not appealing from the PCRA orders that vacated their original sentences.

Rule 501 of the Rules of Appellate Procedure provides that "any party who is aggrieved by an appealable order […] may appeal therefrom." Pa.R.A.P. 501. "An aggrieved party is one who has been adversely affected

---

[5] For instance, Fields points out that he was resentenced at count 29 of CP-02-CR-00004806-1212, for robbery-threatens serious bodily injury, 18 Pa.C.S.A. § 3701, to 1 to 2 years' incarceration for which his sentence already had been served at time of resentencing. Fields Brief at p. 33.

by the decision from which the appeal is taken." ***Commonwealth v. Dellisanti***, 831 A.2d 1159, 1163 n.7 (Pa. Super. 2003) (*en banc*), ***reversed on other grounds***, 876 A.2d 376 (Pa. 2005). A prevailing party, by definition, is not an aggrieved party. ***See Basile v. H & R Block, Inc.***, 973 A.2d 417, 421 (Pa. 2009) ("Pennsylvania case law also recognizes that a party adversely affected by earlier rulings in a case is *not required* to file a protective cross-appeal if that same party ultimately wins a judgment in its favor; **the winner is not an aggrieved party**.") (emphasis added). A party who is not aggrieved in any way by the matter he seeks to challenge has no *standing* to obtain judicial resolution of his challenge. ***See***, 20 Pennsylvania Appellate Practice, 2017-2018 Ed. (G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers, Kristen W. Brown, Patrick Cawley) § 501:2. Appellants were the prevailing parties under their amended PCRA petitions because the PCRA court granted the relief they requested and vacated their judgments of sentence. As a result, Appellants were not adversely affected by those orders and consequently, were not aggrieved to confer standing upon them to appeal those orders. On the other hand, had the Commonwealth felt aggrieved by the PCRA orders vacating the Appellants' judgments of sentence, it would have had standing to appeal as it would have been aggrieved by the orders.[6]

_____

[6] I, respectfully disagree with my learned colleague in her concurring and dissenting opinion wherein she views resolution of this waiver issue as one concerning the finality of orders from which a party may appeal. Concurring

Accordingly, it is my opinion Appellants properly appealed from the trial court's resentencing orders as aggrieved parties. It is from those orders that Appellants claim the trial court erred by resentencing them for crimes for which they already completed their time or for which no further penalty had been imposed under their original judgments of sentence.

I further disagree with the Majority's alternative waiver analysis that Appellants waived their claims because neither raised them during their resentencing hearings or asserted them in a post-sentence motion. In the Majority's view, both men waived their claims because they waited until the present appeal to contend for the first time that the PCRA court lacked authority to disturb their original sentences on certain convictions. Although not explicitly stated by the Majority, the basis for this alternative waiver conclusion implies that Appellants are seeking review of the discretionary aspects of their resentences. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)(an appellant who challenges the discretionary aspects of his sentence must 1) file a timely notice of appeal, 2) preserve the issue at sentencing or in a motion to reconsider and modify sentence, 3) comply with Pa.R.A.P. 2119(f) and 4) demonstrate that the challenge raises a substantial question that the sentence appealed from is not appropriate under the

_____

and Dissenting Opinion at p. 9-10. Both the PCRA orders and trial court resentencing orders were final orders from which an aggrieved party could appeal. The issue here is one of standing not finality.

Sentencing Code).  To the contrary, Appellants maintain that the issue each raises concerns the legality of their resentences and therefore, the issue may be raised at any time, even for the first time on appeal.

The Majority examines whether Appellants have raised an illegal sentencing claim against the three narrow categories recognized as non-waivable for illegal sentencing claims, those being: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute, (2) claims involving merger/double jeopardy, and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Concluding that Appellants claims clearly do not fall within the first or third categories, the Majority examines whether the Appellants' claims concern sentencing illegality under principles of double jeopardy.  The Majority concludes that because it perceives no double jeopardy violation (a conclusion with which I agree) there is no need for this Court to *sua sponte* raise such a claim and vacate either of Fields' or Davis' at-issue sentences.  Majority Opinion at p. 12-13.

Since the Majority introduced this double jeopardy analysis as a segue to its alternate waiver conclusion, it is not clear to me whether the Majority believes the issues raised by Appellants do not raise legality claims or if they do, no relief is available under principles of double jeopardy. I certainly view Appellants' claims as invoking illegality, as the claims challenge the sentencing court's ability to impose punishment a second time for crimes Appellants claim

their sentences already had been served. **See Commonwealth v. Kuykendall**, 2 A.3d 559 (Pa. Super. 2010)(whether revocation of SIP sentence and resentencing violated double jeopardy where original sentence of incarceration already had been served at time of revocation). If the Majority's view is that the claims are illegality claims, but no relief is due under principles of double jeopardy, then I find the Majority's analysis does not fully address the issue raised by Appellants. The Majority does not reach the issue raised as to whether the court, after relief is granted under the PCRA, could resentence Appellants as part of an overall resentencing scheme on counts for which they already completed their sentences or for which they received no further penalty.

As I do not believe Appellants waived their claims and that the claims raise issues of sentencing illegality, it is my opinion this Court is obligated to address those claims on the merits. In doing so, I would conclude that the trial court did not err in resentencing Appellants. The Appellants sought and received relief that disrupted their original sentencing schemes. When the PCRA court vacated Appellants' original judgments of sentence, the effect of those orders was to vacate the sentences in their entireties and to render them null and void. **Commonwealth v. Colding**, 393 A.2d 404, 408 (Pa. 1978). The slate was wiped clean and the sentencing court was free to resentence without regard to the original sentence, so long as the new sentences did not impose more severe penalties that ran afoul of double

jeopardy principles.[7] *Id.* As the Majority correctly notes, "by filing a petition for collateral relief, [Appellants] assumed the risk that [their] sentencing on the various counts would be adjusted insofar as was necessary to preserve the integrity of the original sentencing scheme." ***Commonwealth v. Walker***, 568 A.2d 201, 208 (Pa. Super. 1989), *disapproved of on other grounds by* ***Commonwealth v. Robinson***, 931 A.2d 15, 20-22 (Pa. Super. 2007) (*en banc*). Majority Opinion at p. 12. The trial court did precisely that and resentenced Appellants to terms of incarceration less than those imposed under their original sentences.[8] The fact that Appellants also were resentenced on several crimes for which their original sentences already had been served or for which they received no further penalty, is of no moment as the original judgments of sentence became nullities once they were vacated by the PCRA court.

The respective positions of Appellants and the Commonwealth call into question whether this Court's prior decisions in ***Commonwealth v. Bartrug***, 732 A.2d 1287 (Pa. Super. 1999), ***appeal denied***, 747 A.2d 896 (Pa. 1999),

_____

[7] In this regard, I am in full accord with the Majority's view that double jeopardy is not triggered here, since Fields and Davis were both resentenced to lower aggregate terms of incarceration, the aggregate sentences imposed upon resentencing did not exceed the original aggregate sentences, and both were given credit for time served in their written sentencing orders. Neither therefore, will suffer multiple punishments for the same offense. ***See*** Majority Opinion at p. 12-13.

[8] Appellants of course are entitled to credit for time already served.

and *Commonwealth v. Matin*, 832 A.2d 1141 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1247 (Pa. 2004), are in conflict with each other. I do not find these cases to be in conflict or in conflict with the decision I would reach in this case.

Both *Bartrug* and *Matin* were appeals from orders of a PCRA court. In *Bartrug*, the sole issue presented was whether the PCRA court erred in vacating an entire sentence rather than addressing only that part of the appellant's sentence that was found to be illegal. The appellant questioned whether the PCRA court had jurisdiction[9] to vacate otherwise legal sentences which were not part of his PCRA petition. The appellant had pled guilty to burglary, theft by unlawful taking or disposition, and receiving stolen property. The trial court sentenced him to 7 ½ to 15 years imprisonment for *theft by unlawful taking*. No further sentence was imposed on the other counts. Subsequently, the PCRA court found that the sentence for theft by unlawful taking was illegal, as the maximum term appellant could be sentenced for that conviction was 7 years. The appellant was subsequently resentenced to 7½ to 15 years' incarceration again, but this time incarceration was imposed for the *burglary* charge, which would have permitted a maximum sentence of 20

---

[9] The different jurisdictional question presented in *Bartrug* was whether the PCRA court had jurisdiction to vacate otherwise legal sentences after the time for direct appeal had passed and which were not part of the PCRA petition. We concluded that we did not see the PCRA as being an obstacle to resentencing as the power or jurisdiction of the court to act is broadly defined under section 9546 of the PCRA. *Id.* 732 A.2d at 1289.

years. No further sentence was imposed on the remaining counts, including the count for theft by unlawful taking.

On appeal, this Court held that the trial court did not commit error in its resentencing because our case law held that when a trial court errs in it sentence on one count in a multi-count case, that all sentences for all counts will be vacated so the court can restructure its entire sentencing scheme. This is true even where an appellant limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal sentences based upon other bills of information, where those sentences are part of a common sentencing scheme. We further stated that when a defendant appeals a judgment of sentence, he accepts the risk the Commonwealth may seek a remand for resentencing thereon if disposition in the appellate court upsets the original sentencing scheme of the trial court. In **Bartrug,** there was no suggestion that the appellant completed serving any part of his sentence at the time relief was granted.

*Matin* presents a completely different scenario from **Bartrug**. In **Matin**, the appellant pled guilty to two counts of robbery, and one count each of criminal conspiracy and possessing a firearm without a license. He was sentenced to an aggregate term of imprisonment of 6 to 20 years, with all sentences running concurrently. The sentence imposed for the firearms violation was 2½ to 5 years imprisonment. On initial appeal to this Court, we reversed and remanded the case to the PCRA court finding that one of the

appellant's issues held arguable merit; that being whether trial counsel was ineffective for advising appellant to plead guilty to the firearms violation when appellant had not possessed any firearm during the robbery. Unfortunately, when the case returned to the PCRA court for consideration of this issue, appellant's sentence for the firearms conviction had expired. Consequently, the PCRA court found appellant no longer was eligible for relief on any issue challenging his conviction and again dismissed his petition. On appeal again to this Court, we were constrained to agree with the PCRA court's analysis. Citing **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997), we held that a petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed. Since appellant completed serving his sentence on the firearms conviction that was the basis for his sentencing challenge when he appeared for the second time before the PCRA court, he no longer was eligible for relief. **See** 42 Pa.C.S.A. § 9543(a)(1) (eligibility for relief is determined at the time relief is granted).

The result in **Bartrug** was driven by the fact that the court was entitled to resentence completely, since the sentencing challenge found to have merit upset the sentencing scheme. There was no suggestion the term of incarceration for the conviction upon which the sentence was challenged had expired when relief was granted. In contrast, the PCRA court in **Matin** did not possess the ability to grant relief because the appellant already completed serving his sentence for the conviction upon which his claim for relief was

based. Simply stated, *Bartrug* and *Matin* are distinguishable as *Bartrug* concerned the court's power to fashion relief, whereas *Matin* concerned whether the court was capable of granting relief. *Bartrug* and not *Matin* controls the instant appeals. Here, there is no suggestion that either Fields or Davis completed their sentences for the convictions upon which the trial court illegally imposed mandatory minimum sentences that formed the basis for collateral relief when relief was granted. The PCRA court therefore, possessed the ability to resentence consistent with principles already stated herein governing that process.

Appellants' argument that the PCRA court lacked *jurisdiction* to resentence them for counts where sentencing time already was completed or for which no further penalty was imposed under their original sentences likewise does not render *Bartrug* and *Matin* in conflict. As explained by the Majority, § 9543 of the PCRA that requires a petitioner to be currently serving a sentence to be eligible for relief, is not a jurisdictional provision. Rather, the conditions for establishing jurisdiction are set forth in section 9545 that require timely filed petitions. Since the convictions already completed or for which no further penalty was imposed, did not form the basis for PCRA jurisdiction, and those claims were not the basis upon which relief was granted, the trial court did not err by including those convictions in the new judgments of sentence.

For the foregoing reasons, I respectfully concur and dissent from the Majority, would reach the merits of Appellants' issues, deny relief, and affirm the PCRA court orders.

Judge Kunselman joins this opinion in support of affirmance.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/17/2018